# WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

150 East 42nd Street, New York, NY 10017-5639
Tel: 212.490.3000   Fax: 212.490.3038

*Albany • Baltimore • Boston • Chicago • Dallas • Garden City • Houston • Las Vegas • London • Los Angeles • McLean*
*Miami • Newark • New York • Orlando • Philadelphia • San Diego • San Francisco • Stamford • Washington, DC • White Plains*
*Affiliates: Berlin • Cologne • Frankfurt • Mexico City • Munich • Paris*

www.wilsonelser.com

June 14, 2010

**VIA FACSIMILE UNDER SEAL – (718) 613-2446**

The Honorable I. Leo Glasser
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York, 11201

> Re:   United States of America v. Felix Sater
>       Case No.      :   98CR1101 (ILG)
>       **Our File No.**  :   **07765.00155**

Dear Judge Glasser:

We represent non-party respondent Frederick M. Oberlander.

With complete respect for the Court, we request immediate and indefinite stay of all further proceedings pending resolution of the following issues:

1. An ethics issue arising yesterday, when Ms. Moore, counsel for Sater implicitly if not explicitly threatened some or all of Mr. Oberlander, Mr. Kriss, and Mr. Ejekam with possible criminal prosecution and then immediately suggested a settlement.

2. Resolution of concomitant privilege issues now created by Ms. Moore. At a minimum, we are advising our client that any further testimony must be covered by a satisfactory *Martindell* protective order.

3. In the absence of the sealing order and other documents, *a fortiori* in the absence of allegations of what such order, or other order, says and how Mr. Oberlander violated it, Sater has failed to make a showing of his right to *prima facie* relief. He has not even submitted an affidavit as to key factual issues only he could have knowledge of.

4. Both procedural and substantive due process prohibit continuing this proceeding until all necessary documents, including without limitation the sealing order itself, are given to Mr. Oberlander.

5. This proceeding must be unsealed immediately, retroactively to the beginning, including all documents submitted; or the Court must hold properly noticed hearings on the question whether this proceeding may properly be maintained under seal, given the gravely serious issues implicated and the ease with which redaction or partial closure or protective order can solve any problems.

4028594.1

- *Warnings of Criminal Prosecution*

By email yesterday, I was informed by Stamatios Stamoulis, counsel for non-party respondents Messrs. Kriss and Ejekam, of the following deeply troubling ethics issue:

Mr. Stamoulis spoke yesterday with Kelly Moore, counsel for Mr. Sater. She said there has been a federal prosecutor observing the hearings in this matter, who will attend again on Monday, and that "there may be indictments coming here." Given this report of an ongoing criminal investigation, we advised our client to retain criminal defense counsel and to not testify at the hearing scheduled for noon Monday. He will exercise his Fifth Amendment rights.

Because of the seal order on this proceeding, the federal prosecutor(s) could only be conducting this observation and investigation because Ms. Moore reported it to them pursuant to a provision she placed in the order to show cause ordering that she do so.

Before further procedure, we ask the Court allow our inquiry of and our taking of testimony from Ms. Moore – a former federal prosecutor – how this happened, what she knows of the investigation, why she knows it, and how she could ethically state that federal prosecutors are watching and investigating, and indictments may be coming, an implicit if not explicit threat, then, a minute later in the same call, offer the following settlement proposal:

1. Return the documents.

2. Scrub any mention of them from the complaint.

3. Provide an affidavit how they were obtained and to whom they were distributed.

4. Provide a declaration from anyone who got them they will return or destroy all copies.

5. Fees for the motion.

- *No Adequate Grounds Were Pled, So Relief Must Be Denied Without Further Procedure*

Based on facts learned after Friday's hearing, we respectfully request the Court reconsider its finding that a *prima facie* showing of entitlement to relief has been made warranting that Mr. Oberlander testify. There is no basis by which the Court can find entitlement.

Stripped of *ad hominem* invective, Sater demands return of "Sealed and Confidential" documents on the syllogism that:

1. Mr. Oberlander obtained the documents.

2. Mr. Oberlander used the documents in a complaint suing Sater for racketeering.

3. Some of the documents are the subject of a sealing order.

4. Therefore, Mr. Sater is entitled to their return.

There is a missing step between 3 and 4: *Sater does not allege what the sealing order prevents or whether, how, when, or where Mr. Oberlander violated it.* This is fatal to his plea for relief. Sater is attempting to use a hidden sealing order of unknown content to shield him from

one who lawfully obtained documents without possibly violating any valid sealing order, because he got them from a source other than the court and without court process.

Assuming *arguendo* that some or all of the documents are the subject of a sealing order, depending on the provisions of that order, and how they protect Sater if at all, if Mr. Oberlander were to move to unseal them, Sater might be entitled to intervene to try to prevent that. If Mr. Oberlander were to subpoena him to produce Sater's copies of them in the SDNY RICO action, Sater might be entitled to seek the protection of the Court to block their compelled production.

But neither of those two hypotheticals involving court process is present here. Mr. Oberlander's former client, Joshua Bernstein, has now waived attorney-client privilege to the extent that Mr. Oberlander may state how he came into possession of the documents at issue.[1] The documents were given to him by Mr. Bernstein on March 1, 2010 in hard copy and on March 3, 2010 by email, as Mr. Bernstein also told us, and Mr. Bernstein told Mr. Oberlander that he had been given them, lawfully, by Mr. Sater.

As a result the following syllogism controls:

1. Mr. Oberlander obtained the documents, lawfully, from Bernstein, ex Sater.
2. Mr. Oberlander used the documents in a complaint suing Sater for racketeering.
3. Whether some of the documents are the subject of a sealing order is irrelevant. Mr. Oberlander did not obtain them in violation of any such order or by court process.
4. Therefore, Mr. Sater is not entitled to their return by recourse to any sealing order.

Sater has produced no affidavit, let alone an affidavit contradicting 3. *Sater has still not disputed Mr. Oberlander's statement that he lawfully got them from a client, not the court.*

As there is no disputed fact as to how Mr. Oberlander obtained the documents, the court must accept as true and find as fact that Mr. Oberlander got them as he says, and since *there is no claim that any sealing order prevented Mr. Oberlander from getting them from Bernstein and then using them in the complaint, there is no basis for Sater's claim for relief.*

The Supreme Court of Kentucky faced this issue in *Roman Catholic Diocese of Lexington v. Noble*, 92 S.W.3d 740, (2002 Ky.). In that case, a diocese moved to hold a newspaper in contempt of court for publishing the contents of records that had been ordered sealed by the Supreme Court. In dismissing the contempt motion *without even hearing any testimony*, the court held that a sealing order which prevented the newspaper from publishing or disseminating any information obtained directly from the court records or through court process did not preclude independent discovery and publication of the contents of the sealed material so long as the content published was obtained through non-judicial means.

Importantly, the court stated that an order sealing a record or part thereof should not be read as creating a prior restraint on publication of the contents of the sealed material, from whatever source and by whatever means discovered, unless the order expressly says so.

---

[1] As stated, we have advised Mr. Oberlander not submit testimony to this to preserve his Fifth Amendment rights because of the threats of prosecution. This statement and all else herein are our allegations and averments, not his.

This Court is bound by the same, or if anything stronger, Fifth Amendment due-process requirements of specificity of its orders, as well as the statutory provision of FRCP 65(d):

> FRCP 65(d) Contents and Scope of Every Injunction and Restraining Order.
>
> (1) *Contents*. Every order granting an injunction and every restraining order must:
>
> (A) state the reasons why it issued;
>
> (B) **state its terms specifically; and**
>
> (C) **describe in reasonable detail--and not by referring to the complaint or other document--the act or acts restrained or required.** (Emphasis added).

Therefore, in the absence of any allegations of what the sealing order says and what it prohibits, and in the absence of any allegations of what Mr. Oberlander is accused of having done to violate it, it must be presumed that the sealing order merely prohibits access to court files and records, and possibly may be usable by Sater as a shield against compelled production, but is not an expressly written prior restraint on dissemination of the information contained therein by whatever means derived.

### — *Alternatively, Sater Must Produce the Sealing Order or His Motion Must Be Denied With Prejudice*

Should this Court decline to deny, with prejudice, the requested relief on the §12(b)(6) equivalent ground of failure to state a claim, insofar as there are no allegations of what specific provisions of any order Mr. Oberlander is supposed to have violated, then fundamental fairness and Fifth Amendment due process both require the immediate provision of the sealed order and other, related documents also sealed, if they exist.

All process, except as to inquiry of Ms. Moore, must be stayed pending this.

### — *Mr. Oberlander Cannot Be Bound by any Existing Injunction in Personam*

Federal Rule of Civil Procedure 65(d) provides that no person may be enjoined or restrained by a federal court unless he has received due notice of the order:

> FRCP 65(d) Contents and Scope of Every Injunction and Restraining Order.
>
> (2) *Persons Bound*. **The order binds only the following who receive actual notice of it by personal service or otherwise:**
>
> (A) the parties;
>
> (B) the parties' officers, agents, servants, employees, and attorneys; and
>
> (C) other persons who are in active concert or participation with anyone described in Rule 65(d)(2)(A) or (B). (Emphasis added).

Mr. Oberlander has never been a party to any proceeding involving any of the "Sealed and Confidential" documents. Mr. Oberlander has never been legally identified with Mr. Sater.

Mr. Oberlander has never received actual notice of any order that could even purport to enjoin or restrain him, protective order or otherwise. Sater does not allege anything to the contrary.

For example, on the dates Mr. Bernstein gave documents to Mr. Oberlander, March 1st and 3rd, 2010, there was no such order restraining him from receiving or using them.

### -- *Mr. Oberlander Cannot Be Bound by any "Injunction Against the World"*

Nor could there be some such order, sealed or not, enjoining or restraining the world at large. Most respectfully, we must refer the court to the Second Circuit's decision *Alemite Mfg. Corp. v. Staff*, 42 F.2d 832, at 832-833 (2d Cir. 1930), wherein the court stated:

> [N]o court can make a decree which will bind any one but a party; a court of equity is as much so limited as a court of law; it cannot lawfully enjoin the world at large, no matter how broadly it words its degree. If it assumes to do so, the decree is *pro tanto brutum fulmen*, and the persons enjoined are free to ignore it. It is not vested with sovereign powers to declare conduct unlawful; its jurisdiction is limited to those over whom it gets personal service, and who therefore can have their day in court. Thus, the only occasion when a person not a party may be punished, is when he has helped to bring about, not merely what the decree has forbidden, because it may have gone too far, but what it has power to forbid, an act of a party. This means that the respondent must either abet the defendant, or must be legally identified with him....

### -- *Mr. Oberlander Cannot Be in Violation of a Sealed Sealing Order*

#### -- *Threshold Issues of Ex Parte Disclosure*

Sater alleges some of the "Sealed and Confidential" documents were subject to a sealing order. However this allegation is not supported by any affidavit from Mr. Sater, who might plausibly be in a position to know personally, but rather by his attorney, Ms. Moore.

Ms. Moore cannot have personal knowledge of the existence and contents of such a sealed sealing order, or what documents it covers, for the same reason Mr. Oberlander cannot have knowledge of it, because such an order, assuming it exists in writing, itself is sealed, or at least has not been produced upon Mr. Oberlander's request.

If there is such a sealing order, we request the Court allow our inquiry as to how Ms. Moore knows it exists, how she knows what documents it covers, and what documents it does not; and *if she does not personally know these things, then the relief must be denied with prejudice because only her allegations as to even the existence of the order support the pleadings.*

#### -- *Procedural Due Process Issues*

To the extent Mr. Oberlander is charged with violating such a sealing order, or any order, we trust that by this letter the Court understands that Mr. Oberlander will stand on his due-process right to see not only any order he is charged with violating, but also all the records of the findings of facts and circumstances surrounding the procedure and substance of its issue,

including the public notice and findings justifying a sealing order and the date of its expiration or lapse, if any, and if not specific, non-conclusory findings supporting its indefinite maintenance.

-- *Substantive Due Process Issues*

The concept that Mr. Oberlander, or anyone, can be liable for violating a sealed order that was never served on him, never bound him, never could have bound him, and of which he had no actual knowledge is without precedent[2].

Should it be revealed – and we do not presume this will be shown to be the case – that there is a sealed order, and that it is indefinite, and that it purports to cover the entire world, and that it is an express prior restraint on disseminating the contents of what is sealed rather than a garden variety sealing order preventing access to the court's own file copies, the due process and constitutional implications will be profound.

-- *This Action Must Be Unsealed*

Respectfully, as this Court knows there is a strong antipathy to the sealing of cases, both civil and criminal, each of which implicates both common-law and constitutional rights, and more strongly against the super-sealing of cases, as apparently went on here, where even the sealing orders are themselves sealed.

We request the Court immediately unseal this action, or in the alternative schedule appropriately notice hearings on the need to seal it and why less intrusive means cannot be found to accommodate the public's right of access and the parties' right to disseminate and document such findings on the record.

This proceeding is not about Sater, and never was. It is not about his prior history of racketeering or his current and recent history of racketeering.

This proceeding is about the right of highly interested persons, persons who have been severely injured into the aggregate of hundreds of millions of dollars by the conduct of a racketeering enterprise covertly owned and run by a convicted racketeer and the right of these persons, through their representatives, to seek redress and indentify the true beginning of these schemes from prior criminal acts, to access criminal court records which had they been available in the first place would not have allowed these frauds to occur.

Whatever the dynamic policy considerations are between the possible need for sealing or closure ten years ago – and this cannot be known without inspection of the findings justifying seal – and the right of access to criminal proceedings, particularly sentencing proceedings,

---

[2] Sater harps on a portion of the racketeering complaint brought against him that "Mr. Oberlander admitted the documents are sealed." The relevant allegation in the complaint states no such thing as to the present or recent past, but in any event the complaint is not Mr. Oberlander's statement, it is his clients' statement. It is a statement of their allegations, not his, and if they are judicial admissions they are theirs, not his. Their beliefs may not be attributed to him simply because he signed the complaint, which is his certification that the complaint satisfies applicable professional and ethical standards as to the contents thereof, but properly says nothing about his own beliefs.

should be heard in the open, since, as Bradeis put it, "Sunlight is the best disinfectant, and the electric light is the best policeman".

At a minimum, because this is a derivative action, this proceeding is not only about the rights of Sater, or Kriss, or Ejekam, or Mr. Oberlander representing them, but about the rights of all the members of the class of derivative plaintiffs they represent, who must be allowed access to these proceedings.

### — *Mr. Oberlander Cannot Be in Contempt for Disseminating Parts of the PSR*

There is nothing in the documents themselves – which I have now reviewed – which states or refers to any order stating that anyone who comes into possession of them must treat them as a classified state secret or is enjoined from or ordered to do any thing. And as *Alemite* states, even if there had been such an order, it would have been *pro tanto brutum fulmen*, and Mr. Bernstein and Mr. Oberlander free to ignore it. This specifically includes the PSR.

We request that the court note what happened in *United States v. Charmer Industries*, 711 F.2d 1164 (1983), after remand (*Charmer II*, 722 F.2d 1073). Your Honor will recall that in Charmer the court personnel and probation service – who were subject to the district court's sealing order, *in personam* – improperly disclosed a PSR to the Arizona Attorney General. The Second Circuit remanded the matter to the district court "for entry of an injunctive order requiring the Arizona AG to return [the PSR] and all copies and extracts made of it, prohibiting his publication or other use of any portion of [the PSR] that is not already publicly available...."

That decision was dated June 28, 1983. But, unreported in *Charmer I*, sometime in June or early July, the Arizona AG released documents to *The Arizona Republic* containing nonpublic information derived from, and quoting from, the PSR. This made the front page of the local metropolitan newspaper, repeating the information contained in, and quoted from, the PSR *viz.* that the subject in question was accused of ties to the Colombo crime family ("[a] federal court presentence report prepared in connection with the price-fixing case indicates that Peerless had 'ties to the Colombo organized-crime family," according to a Liquor Department memorandum."

Peerless moved to hold the Arizona AG in civil and criminal contempt, whereupon it was found that the information was released to the press prior to the Second Circuit's issuance of its order, and that Arizona AG's agreement at oral argument not to release the document pending the court's determination of the appeal was not so clear that it could be held that release of the information derived from the document was violative of an order even if – as was not the case – her agreement at oral argument not to release it had been deemed an order in the first place.

The point is, even the intentional publication of nonpublic details of organized crime connections contained in a PSR, published in anticipation of a pending injunction not to do so, was not itself a basis for contempt when there had been no order yet. The mere publishing of an improperly obtained PSR is not subject to contempt itself without an actual order, and in any event *Charmer* and *Charmer II* are inapplicable here, where the PSR was not improperly obtained: As alleged, Mr. Oberlander obtained it from Mr. Bernstein, who obtained it from Mr.

Sater, who had every right in the world to disseminate it without restriction to anyone, pursuant to Rule 32. In other words, Mr. Oberlander obtained it rightfully, thanks to Mr. Sater.

Respectfully yours,

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

*Richard E. Lerner*

Richard E. Lerner

cc:  VIA E-MAIL
    Kelly Moore, Esq.
    Brian Herman, Esq.
    David Snider, Esq.
    Thomas W. Hyland, Esq.
    Lauren J. Rocklin, Esq.
    Stamatios Stamoulis, Esq.
    Todd Kaminsky, Esq. – US Attorney's Office
    Marshall Miller, Esq. – US Attorney's Office
    Frederick M. Oberlander, Esq.

# WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

## FACSIMILE

3 Gannett Drive  
White Plains, NY 10604-3407

Telephone #: 914.323.7000  
Facsimile #: 914.323.7001

---

The following facsimile has 9 page(s) including this cover page. If you have any difficulty, or if the transmission was incomplete, please advise:

---

| | | | |
|---|---|---|---|
| Company: | United States District Court | Date: | June 14, 2010 |
| Department: | Eastern District of New York | From: | Lauren J. Rocklin |
| Attention: | Hon. I. Leo Glasser | Attorney #: | 2726 |
| Facsimile #: | (718) 613-2446 | File #: | 07765.00155 |
| Telephone #: | (718) 613-2440 | Re: | United States of America v. Felix Sater<br>Case No.: 98CR1101 (ILG)<br>**UNDER SEAL** |

---

## PLEASE SEE ATTACHED

cc: VIA E-MAIL  
Kelly Moore, Esq.  
Brian Herman, Esq.  
David Snider, Esq.  
Thomas W. Hyland, Esq.  
Lauren J. Rocklin, Esq.  
Stamatios Stamoulis, Esq.  
Todd Kaminsky, Esq. – US Attorney's Office  
Marshall Miller, Esq. – US Attorney's Office  
Frederick M. Oberlander, Esq.

---

This message is intended only for the use of the Individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone, and return the original message to us via postal service. Thank you.

Albany • Baltimore • Boston • Chicago • Dallas • Garden City • Houston • Las Vegas • London • Los Angeles • McLean
Miami • Newark • New York • Orlando • Philadelphia • San Diego • San Francisco • Stamford • Washington DC • White Plains
Affiliates: Berlin • Cologne • Frankfurt • Mexico City • Munich • Paris

4010074.1