# WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

150 East 42nd Street, New York, NY 10017-5639
Tel: 212.490.3000   Fax: 212.490.3038

*Albany • Baltimore • Boston • Chicago • Dallas • Garden City • Houston • Las Vegas • London • Los Angeles • McLean
Miami • Newark • New York • Orlando • Philadelphia • San Diego • San Francisco • Stamford • Washington, DC • White Plains
Affiliates: Berlin • Cologne • Frankfurt • Mexico City • Munich • Paris*

www.wilsonelser.com

July 19, 2010

**Via Facsimile Under Seal – (718) 613-2446**

The Honorable I. Leo Glasser
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York, 11201

> Re:   United States of America v. Felix Sater
>       Case No.        :   98CR1101 (ILG)
>       Our File No.    :   07765.00155

Dear Judge Glasser:

I am writing because I believe no purpose can be served by tomorrow's hearing, inasmuch as this proceeding is now totally moot because all of the relief sought in the movant's order to show cause has been provided.

The movant sought an order directing the return of the "Sealed and Confidential Materials." At the hearing on June 21st, the originals of the purportedly "Sealed and Confidential Materials" that were given to Mr. Oberlander by Mr. Bernstein were marked into evidence, and are now in the possession of the court.

There is no request in the order to show cause for the return of copies, or the purging of electronic versions, or for any restriction on the respondents' constitutional (federal *and state*) right to disseminate the same orally, in writing, or by any other means or manner of communication, whether such restriction be called "prior restraint" or any other *de facto* or *de jure* equivalent thereof[1]. Hence, such relief could not be granted, and, in any event, granting such relief would be unconstitutional.

---

[1] So valued is the right of free speech, and so abhorrent the idea of prior restraint, that even a mere *admonition* against dissemination from the bench, not rising to the level of a formal order, can be deemed an appealable order of prior restraint, as Justice Kennedy observed, "A threat of prosecution or criminal contempt against specific publication raises special First Amendment concerns, for it may chill protected speech much like an injunction against speech by putting that

406481 6.1

The order to show cause also directed a hearing, so that the respondents could testify where they got the documents from and to whom they were given. This inquiry has been conducted. So – as the information sought has been provided, and the documents sought are now in the court's possession – there is no further affirmative relief that can be granted to the movant.

Yet the movant's post-hearing memorandum seeks a permanent injunction, requesting relief that was not sought in the original order to show cause. The original order to show cause did not seek the return or destruction of all copies. Nor did the original order to show cause seek a permanent restraint on the respondents' ability to exercise their First Amendment right to disseminate the information – *i.e.*, either or both their copies of, or what they know or derive from, their review of the documents. Therefore, such relief cannot be granted. This proceeding should be deemed concluded.

In any event, if the court were to entertain the movant's application for a permanent injunction it would have to deny it, as there is no basis for such relief.

1)  To obtain a permanent injunction that constitutes a prior restraint on free speech, the movant must demonstrate not just a prima facie showing of entitlement to the relief sought, but an absolute right to the relief sought. *Amoco Prod. Co. v. Vill. Of Gambell*, 480 U.S. 531, 546 n.12 (1987). Of course, prior restraint on free speech is presumptively unconstitutional. *Healy v. James*, 408 U.S. 169 (1977).

2)  To obtain such relief, there must be a showing of a compelling governmental purpose. *United States v. Playboy Entertainment Group*, 529 U.S. 803 (2000), and a clear and present danger. (In order to justify a prior restraint, the party seeking it must demonstrate that publication "threaten[s] an interest more fundamental than the First Amendment itself." *Proctor & Gamble v. Bankers Trust Co.*, 78 F.3d 219 (6th Cir. 1996).

3)  Since the permanent injunction sought by the movant would be content-based, it is subject to the strictest scrutiny, and cannot be granted if there is a less restrictive means of accomplishing a compelling governmental purpose. *U.S. v. Playboy Entertainment*, 529 U.S. at 813 (2000).

4)  Finally, "a party seeking a prior restraint ... must show ... that the prior restraint will be effective and that no less extreme measures are available." *In re Providence Journal Co.*, 820 F.2d 1342, 1351 (1st Cir. 1986). Mr. Oberlander's First Amendment rights are no different than the press's. "[W]e draw no distinction between the media respondents and Yocum." *Bartnicki v. Vopper*, 532 U.S. 514, 525 n.8.

There has been no fact-finding hearing to support a permanent injunction, nor could there have been, absent the constitutionally and statutorily required notice movant would seek such a remedy. Therefore, a permanent injunction cannot be granted. Moreover, if the court were to

---

party at an added risk of liability." *Multimedia Holdings Corp. d/b/a First Coast News v. Circuit Court of Florida*, 544 U.S. 1301 (2005).

hold that a fact-finding hearing were warranted, then your honor would be disqualified from presiding over the hearing, inasmuch as your honor has stated that he is aware that certain individuals from government agencies were present during the proceedings involving Mr. Sater, yet the court did not state that those individuals testified. It is apparent that your honor is the "witness" to any "facts" that it might deem supportive of a permanent injunction. If your honor's testimony is required, your honor must step aside. Nor can a permanent injunction be granted unless the court were to determine that there is no less restrictive means of accomplishing a compelling governmental purpose to avoid a clear and present danger, and that such an injunction would be efficacious.

All this is in addition to the issues of the sealing of submissions and the entire docket itself, including whether and what documents were or were not sealed or otherwise kept from public view. These are not matters of record evidence, assuming they are legally relevant to begin with. In combination with these issues, every document or other embodiment of information anywhere connected with this now has achieved compelling interest, not just a matter of public concern, but as a matter of public confidence in the courts. This is a matter of public import as well, given the super sealing or otherwise covert hiding of docket sheets – notwithstanding the clear constitutional proscription against such.

As is true in most cases of prior restraint and censorship, the attempt at gagging will likely, and deservedly, convert an otherwise routine civil RICO case into a page-1 story. Sater's counsel's request for a permanent injunction against the dissemination of information, be it in the form of copies or from memory, original or derivative, raises this case to the level of a constitutional crisis, without the requisite due process requirements having been satisfied. There was no formal motion for such relief. It cannot be granted, and moreover must be now denied with prejudice and made *res judicata*, with a declaration that respondents remain free to disseminate the copies or information as they see fit. Given the overtones of threat with which this case has been marked we believe respondents deserve the same assurances against retaliation as First Coast News. See 544 U.S. 1301

We will, of course, appear tomorrow, unless the court advises otherwise. But we wished to make clear that we consider this proceeding to be totally moot, and we just wished to place your honor and the parties hereto on notice of Mr. Oberlander's position. We also wish to remind the court that there never was a Rule 65(d) order issued against Mr. Oberlander. Therefore, this court lacks standing to hold that Mr. Oberlander is in violation of any order whatsoever.

Respectfully yours,

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

Richard E. Lerner

cc: **Via E-Mail**

Kelly Moore, Esq.
Brian Herman, Esq.
David Snider, Esq.
Thomas W. Hyland, Esq.
Lauren J. Rocklin, Esq.
Stamatios Stamoulis, Esq.
Todd Kaminsky, Esq. – US Attorney's Office
Marshall Miller, Esq. – US Attorney's Office
Joshua Bernstein
Arnold Bernstein, Esq.
Frederick M. Oberlander, Esq.

# WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

## FACSIMILE

150 East 42nd Street  
New York, New York 10017-5639

Telephone #: 212.490.3000  
Facsimile #: 212.490.3038

The following facsimile has __5__ page(s) including this cover page. If you have any difficulty, or if the transmission was incomplete, please advise:

| | | | |
|---|---|---|---|
| Company: | United States District Court | Date: | July 19, 2010 |
| Department: | Eastern District of New York | From: | Richard E. Lerner, Esq., x5419 |
| Attention: | Hon. I. Leo Glasser | Attorney #: | 1366 |
| Facsimile #: | (718) 613-2446 | File #: | 07765.00155 |
| Telephone #: | (718) 613-2440 | Re: | United States of America v. Felix Sater<br>Case No.: 98CR1101 (ILG)<br><u>UNDER SEAL</u> |

This message is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone, and return the original message to us via postal service. Thank you.

Albany • Baltimore • Boston • Chicago • Dallas • Garden City • Houston • Las Vegas • London • Los Angeles • McLean  
Miami • Newark • New York • Orlando • Philadelphia • San Diego • San Francisco • Stamford • Washington DC • White Plains  
Affiliates: Berlin • Cologne • Frankfurt • Mexico City • Munich • Paris

4064954.1