

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

RECEIVED
12/2/10
Chambers of
I. Leo Glasser
U.S.D.J.

EK:TK
F.#1998R01996

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

December 2, 2010

**TO BE FILED UNDER SEAL**

The Honorable I. Leo Glasser
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

>        Re:   United States v. Felix Sater
>              Criminal Docket No. 98 CR 1101 (ILG)

Dear Judge Glasser:

        The government writes in response to Mr. Oberlander's
November 23, 2010 letter.  In that letter, Mr. Oberlander argues
that the issue as to whether the Court has the authority to order
the return of the sealed documents in question and enjoin Mr.
Oberlander from disseminating those documents is moot in light of
the fact that Mr. Sater's cooperation was previously disclosed
through the unsealing of a document in a related case.  The
government hereby moves to reseal the document mentioning Mr.
Sater's cooperation.  Additionally, as discussed further below,
the revelation of the previous disclosure does not alter the
government's position that Mr. Oberlander should be ordered to
return the sealed documents in his possession.

I.    Factual Background

        On March 18, 2009, the government moved to unseal the
court file in United States v. Salvatore Lauria, 98 CR 1102
(ILG).  The government did so in hopes of determining the status
of a case that, despite its age, appeared to remain open and
unresolved.  The Honorable Roanne L. Mann granted the
government's unsealing request on the same day.  While it is
normally the government's practice to immediately move to reseal
the court file following the retrieval of the necessary
information, the government inadvertently failed to do so in this
instance.  The prosecutor who moved to unseal the court file was

unfamiliar with Mr. Sater's case and never realized that the file contained the April 29, 2002 letter.

II.  <u>Argument</u>

    A.  <u>The Court Should Reseal the April 29, 2002 Letter</u>

      The government has attached a proposed order to reseal the April 29, 2002 letter.  The letter should be resealed because its contents place Mr. Sater and his family in danger.  As the Court is aware, Mr. Sater cooperated against dangerous individuals in multiple arenas.  Protecting Mr. Sater and his family is a valid ground upon which the Court can seal this document.  <u>See</u> <u>United States v. Doe</u>, 63 F.3d 121, 128 (2d Cir. 1995) (holding that "danger to persons or property" is a "compelling interest" that weighs in favor of sealing.).  While the fact that the letter has remained unsealed since March 2009 is less than ideal, there is no reason that the threat to Mr. Sater's safety should be amplified by having this letter remain in public view.  Of course, the fact that no person has acted on this information does not support the proposition that Mr. Sater is currently not in danger.  Although Mr. Sater may have been lucky that this letter was not discovered by people who mean to do him harm, he should not have to rely on luck going forward.

    B.  The Government Reaffirms it Previous Position With
      <u>Respect to the Sealed Documents</u>

      Despite the inadvertent unsealing of the April 29, 2002 letter, the Court should still order Mr. Oberlander to return the sealed documents in the above-captioned case and enjoin him from disseminating those documents.  Mr. Oberlander's possession of the sealed documents continues to frustrate the Court's underlying sealing order regardless of what other documents he possesses.  To begin with, the sealed documents contain detailed information that goes far beyond the brief mention of Mr. Sater's cooperation in the April 29, 2002 letter.  Moreover, the existence of the April 29, 2002 letter does not affect the improper manner in which the sealed documents were obtained – Mr. Oberlander has no more right now to these documents than he did before the discovery of the letter.  If Mr. Oberlander wishes to move to unseal the documents in question and argue that, in light of the April 29, 2002 letter, there are no longer valid grounds to keep the documents under seal, he is free to do so.  However, a Court's sealing order does not evaporate when information contained in the sealed documents comes to light from a different source.  The Court's sealing order must still be respected and

enforced, and the return of the sealed documents at issue is therefore warranted.

III.  Conclusion

For the foregoing reasons, the Court should reseal the April 29, 2002 letter from <u>United States v. Salvatore Lauria</u>, 98 CR 1102 (ILG), and order Mr. Oberlander to return the sealed documents in the above-captioned case and enjoin him from disseminating those documents.  The government also requests that this letter be filed under seal.

Respectfully submitted,

LORETTA E. LYNCH
United States Attorney
Eastern District of New York

By:  _____
     Todd Kaminsky
     Elizabeth J. Kramer
     Assistant United States Attorney

cc:, Kelly A. Moore, Esq.
     Frederick Oberlander, Esq.
     Richard E. Lerner, Esq.