# WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

150 East 42nd Street, New York, NY 10017-5639
Tel: 212.490.3000   Fax: 212.490.3038

*Albany • Baltimore • Boston • Chicago • Dallas • Garden City • Houston • Las Vegas • London • Los Angeles • Louisville • McLean*
*Miami • Newark • New York • Orlando • Philadelphia • San Diego • San Francisco • Stamford • Washington, DC • White Plains*
*Affiliates: Berlin • Cologne • Frankfurt • Mexico City • Munich • Paris*

www.wilsonelser.com

December 3, 2010

Via Facsimile Under Seal – (718) 613-2446

The Honorable I. Leo Glasser
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York, 11201

>    Re:   United States of America v. Felix Sater
>          Case No.        :   98CR1101 (ILG)
>          Our File No.    :   07765.00155

Dear Judge Glasser:

When the government attempts to trample upon constitutional rights, an attorney ethically bound to zealously represent his client to the limit of his abilities cannot rest. I am ethically compelled to respond to the government's illegally secret letter request of December 2nd that your honor illegally and secretly seal the presently unsealed Lauria court file. If my zeal throughout these proceedings has been interpreted as impertinence by your honor, I make no apology, but rather state that it is my obligation to address the court as clearly and directly as I can, with the trust that the court has the fortitude to bear it with grace.

You are dealing with *public judicial records*. To consider sealing them, you must – this is not discretionary – hold public hearings and make record findings available for appellate review justifying any seal. You must give advance public notice of the hearings.[1] If you hold a hearing, Mr. Oberlander and his clients have standing to object to the sealing, and they will.[2]

---

[1] *Press-Enterprise v. Superior Court*, 478 U.S.1(1986), *In re The Herald Co.*, 724 F.2d 93 (2d Cir. 1984); *United States v. Cojab*, 996 F.2d 1401 (2d Cir. 1993); *Hartford Courant v. Pellegrino*, 380 F.3d 83 (2d Cir. 2004); *United States v. Alcantara*, No. 02-1010, 03-1061 (2005).

[2] *Huminski v. Corsones*, 396 F.3d 53 (2d Cir. 2004) (Single citizen has the same First Amendment right of access to court proceedings as media); *New York Times v. Sullivan*, 376 U.S. 254 (1964); *Abernathy v. Sullivan* (individual advertisers and media publisher have same First Amendment rights); *Citizens United v. Federal Election Commission*, 558 U.S. 50 (2010) ("We have consistently rejected the proposition that the institutional press has any constitutional privilege beyond that of other speakers.")

- 1 -

4244562.1

They and the witnesses they will call will introduce the records to be sealed, and will testify as to their contents. This cannot be forced to be done under seal or *in camera*. At the time of the hearings, those records must remain publicly available in the court file. In any event, Mr. Oberlander can always say what he saw and prove it: You cannot gag his evidence (nor can you prevent the public from witnessing the hearing and later testifying as to what they heard) not only because to do so presupposes the result of the hearing, but because Mr. Oberlander will always be free to say what he saw and show what he has. You cannot gag someone from testifying in open court as to what he has learned from public documents when he is free to step outside the courtroom and disseminate the information and show the documents.[3]

Assuming that you will observe the constitutional requirements of a public hearing, then as part of the public notice requirement, we demand that you immediately docket Mr. Kaminsky's letter as the triggering motion to seal, and that you scan and upload the entirety of it and make it available to the public on Pacer.[4] We reject the notion that you can order the letter motion sealed without a hearing on that, too. Without such a hearing you are not "sealing"; rather, you are refusing to docket his letter. This, we submit, would be the intentional concealment of the judicial records of a court proceeding.

In any event, if you don't order the letter docketed, then all that you will have done is tell the clerk of the court not to make Mr. Kaminsky's letter publicly available. You will not have ordered any of the addressees to not disseminate it – which you can't do anyway, as that would be a prior restraint. Once again we remind your honor that a seal by itself, as Mr. Kaminsky requests, is not a gag order. Out of respect to the court we request the court immediately state whether the court believes that any of its "orders"[5] in any way stop Mr. Oberlander or anyone

---

[3] *Florida Star v. B.J.F.*, 491 U.S. 524 (1987).

[4] At a minimum, you must upload a version with the "Sater" redacted, though we do not agree that meets constitutional muster because there can be no lawful failure to publicly docket and upload a letter that contains the same information as the records in question which themselves are already public pending the hearing. We do not concede they are public in error and will demand non-hearsay evidentiary proof, assuming that purported error is legally relevant to begin with, in an appropriate full due process hearing.

[5] Until formal, written enabling orders are issued and docketed, as required, the court has done nothing, and no one need dance to the court's tune. That is not inflammatory language; rather, it is the reasoned judicial opinion of Judge Easterbrook of the Seventh Circuit, and he wrote those exact words.

> Like the state, we are puzzled by the district judge's unwillingness to put on paper what he said several times in court. ***Oral statements are not injunctions. A judge who proclaims "I enjoin you" and does not follow up with an injunction has done nothing.*** (citations omitted). Injunctions are not like Islamic divorces, accomplished by intoning a formula thrice in public. [FRCP 65(d)] provides that "[e]very order granting an injunction ... shall set forth the reasons for its issuance; shall be specific in terms; [and] shall describe in reasonable detail, and not by reference to the complaint or other document, the act or acts sought to be restrained." No such "order" has been issued.
>
> ***When a judge does not record an injunction or declaratory judgment on a separate document, the defendant is under no judicial compulsion.*** As we said in *Bethune*, 863 F.2d at 527, an opinion or statement in court "is not itself an order to act or desist; it is a statement of reasons supporting the judgment. ***The command comes in the separate document entered under Fed.R.Civ.P. 58, which alone is enforceable. There must be a separate document, with a self-***

from doing as they wish with Mr. Kaminsky's letter. *This is not a threat of imminent disclosure; rather, it is Mr. Oberlander's position that he will forever have the absolute First Amendment right to do with the letter what he wishes anytime he wishes.* It's about time the court confronts the difference between a seal (or worse, an intentional failure to docket masquerading as one) and a gag order.[6]

In any event, when you hold that public hearing for Mr. Kaminsky, there will be an overwhelming burden of proof on the part of the government, for it is the government moving to suppress First Amendment access to an already disclosed public court record. We will demand evidence that maintaining open to the public what already *has* been open to the public represents such a clear and present danger that it justifies sealing[7] even in the face of the unlimited number of people who have it. Even then, pursuant to *Alcantara*, we will demand a companion docketed order stating what the brief period of sealing will be and the triggering event that will make it again unsealed.

It isn't worth commenting at length on Mr. Kaminsky's argument that being a cooperator is enough to justify hiding court records indefinitely, because if it were, then he would want the entire Lauria file sealed. That he hasn't requested the sealing of the entire Lauria file is self-evident proof that only *some* cooperators qualify by need. This is further reason why you must abide by due process, and publicly docket the letter application, and conduct a public hearing. The public has a right to know why Sater is a favored cooperator – and was given an illegal free pass to evade "*Mandatory*" MVRA restitution – while other cooperators didn't get a free pass. The government will be required to produce evidence of the incredible threat to Sater. Again, you aren't being asked to not release the April 20, 2002 letter; rather, you're being asked to re-seal what is already public. The compelling interest that the government would have to prove would be awesome.

---

*contained statement of what the court directs to be done. So if the opinion contains language awarding declaratory relief [or an injunction], but the judgment does not, the opinion has been reduced to dictum; only the judgment need be obeyed."* At the moment, Illinois is under no decree. *It need not dance to the judge's tune.* Until the judge enters an injunction, Illinois may carry out its plans. Because the state is not under an enforceable constraint, there is nothing before us on appeal. *Bates v. Johnson*, 901 f.2d 1424 (7th Cir. 1990).

One of the problems of maintaining a case under an illegally super-sealed docket is that you actually can't do much. (We have observed this court's "orders" as if they were binding anyway). Incidentally, the Second Circuit agrees with Judge Easterbrook, quoting his decision last year in *Garcia v. Yonkers School District.* 561 F.3d 97 (2d Cir. 2009). The Second Circuit stated, "*Oral statements are not injunctions.*"

[6] If the court goes down this road, we suggest it consider *Ashcroft v. Conoco*, 218 F.3d 288 (4th Cir. 2000), where a contempt proceeding against a reporter who opened an envelope given her by a court clerk that had "sealed" written on it was vitiated on the grounds, *inter alia*, that there was no solemn balancing test of judicial sealing, but rather was only an abdication of duty by the trial court which allowed a party to simply decide to write "sealed" and went along with it and thus was a legal (judicial) nullity.

[7] We presume that the records in question were properly sealed. It may be that – like the missing Sater docket entries – they were not sealed, but rather concealed, by an intentional failure to docket.

You may not rely on your knowledge of any purported prior evidence of a threat, as that would be extra-judicial. (As we note in our letter of December 2nd, if you believe your personal knowledge to be relevant to the proceedings, you would be constrained to recuse yourself, we submit). You may not rely on conclusory statements because, again, you will not be ruling on a motion to unseal, but on whether to remove already existing First Amendment rights of access. In any event, it is difficult to see how the government could prove its policy of taking utmost care to protect informants, after having – perhaps recklessly – unsealed the Lauria file.

Finally, even if the hearing were to conclude that it was necessary to seal it, this will be your honor's opportunity to make clear to everyone involved that sealing is directed at court personnel only and that the court understands that there is no such thing as a global gag order or *in rem* injunction against a piece of paper.

Since no power on earth can prevent Mr. Oberlander, his clients, Mr. Bernstein, or any of the many, possibly countless, people who already have the Lauria document(s) from broadcasting their copies all over the world, all that your *re-sealing* order could ever do would be to stop the public from getting the letter from the clerk of the court. In other words, your honor would either issue an order to the court clerk to re-seal a letter that could always be disseminated by those who have it, or your honor will have to enjoin the whole world. In any event we do not understand Mr. Kaminsky's goal here, as the public hearing itself will reveal to the entire world that Sater pled guilty and cooperated. Again, you cannot bar witnesses from testifying publicly that they saw public documents and **what the documents said**.

Finally, the government apparently recognizes that Mr. Oberlander and everyone else obtained the entire contents of the Lauria file lawfully. This must be why the government does not ask for their return. Perhaps the government is also aware that the existence and nature of a criminal conviction is public property and access to it and speech about it may not taken away or penalized, even if there has been an order of expungement, because no one can erase history.[5]

You are being asked by the government not only to do something that is unconstitutional but something that would be an utter waste of your time – as these entire proceedings have been – for the April 29, 2002 letter can be re-published to anyone by anyone who has it.

Very truly yours,

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

Richard E. Lerner

---

[5] *Willan v. Columbia County*, 280 F.3d 1160 (7th Cir. 2002); *Eagle v. Moran*, 88 F.3d 620 (8th Cir. 1996); *Cline v. Rogers*, 87 F.3d 176; *Nilson v. Layton City*, 45 F.3d 369 (10th Cir. 1995).

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
424456.1

cc:  **Via E-Mail**
Kelly Moore, Esq.
Brian Herman, Esq.
Stamatios Stamoulis, Esq.
Todd Kaminsky, Esq. – US Attorney's Office
Joshua Bernstein
Arnold Bernstein, Esq.
Frederick M. Oberlander, Esq.

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
4244562.1