WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
150 East 42nd Street, New York, NY 10017-5639
Tel: 212.490.3000 Fax: 212.490.3038

*Albany • Baltimore • Boston • Chicago • Dallas • Garden City • Houston • Las Vegas • London • Los Angeles • Louisville • McLean Miami • Newark • New York • Orlando • Philadelphia • San Diego • San Francisco • Stamford • Washington, DC • White Plains Affiliates: Berlin • Cologne • Frankfurt • Mexico City • Munich • Paris*

www.wilsonelser.com

December 16, 2010

**Via Facsimile Under Seal – (718) 613-2446**

The Honorable I. Leo Glasser
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York, 11201

| **Re:** | **United States of America v. Felix Sater** | | |
|---|---|---|---|
| | **Case No.** | **:** | **98CR1101 (ILG)** |
| | **Our File No.** | **:** | **07765.00155** |

Dear Judge Glasser:

I attach a letter sent yesterday by my client Frederick M. Oberlander to Judge Buchwald.

We respectfully request you issue your ruling in this matter forthwith, declaring the issue herein moot, or issue an appealable final disposition that we may take to the Second Circuit immediately.

As the annexed press release demonstrates, CIM Group just paid about $250,000,000 to purchase a Bayrock note backed by purchases of units at Trump Soho. Those purchases are rescindable as a matter of law because Bayrock's undisclosed principal Felix Sater was a RICO felon convicted on predicate crimes of securities fraud and money laundering – but until that fact is revealed to these victims and to the New York Attorney General, they will remain defrauded. Imminent irreparable harm is threatened because iStar plans a prepackaged Chapter 11 filing and if it fails to disclose what it presumably doesn't know – *viz.* that it materially misrepresented the quality of the note and may be liable to CIM – CIM will be left without meaningful recourse. One would think CIM would have wanted to know, before they bought the note, that the economic viability of their quarter-billion dollar purchase would be devastated by the rescissions and, worse, the New York State Attorney General's likely bar of the developer (a Bayrock company) from further sales. As has been explained in prior correspondence which you and Judge Buchwald have received, the *per se* material omission from the offering plan that Sater was a Bayock principal and a convicted RICO felon *in crimen falsi* renders the purchases voidable, under New York's Martin Act, even absent a showing of scienter. The omission itself is sufficient. (In any event, as a Bayrock principal, Sater's knowledge of his own conviction is imputed to the company, making the omission a criminal fraud by Bayrock, as a matter of law). Pending your honor's decision on Sater's order to show cause, crimes and civil wrongs centered on the illegal concealment of Sater's conviction will continue, and the plot get more and more tawdry.

Kindly issue your decision forthwith.

Very truly yours,

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

Richard E. Lerner

Enclosures:   Press release re CIM Group's purchase of Bayrock note.
              12/15/10 letter of Frederick M. Oberlander to Judge Buchwald.

cc:   **Via E-Mail**
      Kelly Moore, Esq.
      Brian Herman, Esq.
      Stamatios Stamoulis, Esq.
      Todd Kaminsky, Esq. – US Attorney's Office
      Joshua Bernstein
      Arnold Bernstein, Esq.
      Frederick M. Oberlander, Esq.



DEC. 16. 2010 12:09PM Trump SoHo Closes on Debt Recapitalization -- NEW YORK, Dec. 9, 2010 /PRNe... NO. 8515 P. 4 Page 1 of 1

Send a release
Member sign in
Become a member
For journalists
Global sites

Search Advanced Search
Products & Services News Releases

Products & Services | Knowledge Center | Browse News Releases | Contact PR Newswire

See more news releases in: Banking & Financial Services, Hotels and Resorts, Leisure & Tourism, Travel Industry, Restructuring & Recapitalization

# Trump SoHo Closes on Debt Recapitalization

Like it

NEW YORK, Dec. 9, 2010 /PRNewswire/ -- Bayrock/Sapir Organization, LLC, announced today a debt recapitalization of its Trump SoHo hotel condominium project in downtown Manhattan. Through the debt recapitalization, iStar Financial has been substantially paid down and all project indebtedness has been extended as a result of new debt financing provided by CIM Group. Trump will continue to manage the property as it has since the hotel opened in April 2010, where it has exceeded expectations and already received strong industry and consumer accolades in its first year of operations.

A spokesperson for the Sapir Organization stated, "We are extremely happy to have reached this positive outcome with our lenders. We welcome CIM Group and thank iStar for its invaluable participation in this great 21st century New York development."

Donald J. Trump said, "The recapitalization of the debt on Trump SoHo is an homage to the success of the property, the hotel and its operation and a sign of the confidence in the long term viability of this project. We are extremely excited about this new development for this world class property in this spectacular location."

"We are pleased to have successfully recapitalized this unique asset. We believe the Trump SoHo development team will ensure the long-term success of this irreplaceable asset," said Barclay Jones, executive vice president of iStar Financial Inc.

Julius Schwarz, executive vice president of Bayrock Group, L.L.C. stated, "Trump SoHo continues to surpass all expectations. It is now one of the most successful destination hotels in the City of New York, and its views are unparalleled anywhere. We are delighted with this show of validation in the success of our project and we look forward to beginning our new phase of marketing and sales."

Trump SoHo will continue to be marketed to the domestic and international markets by Prodigy International, the property's exclusive sales and marketing team. According to Rodrigo Nino, president of Prodigy International, "With the successful recapitalization of the project loan in place, we look forward to buyers knowing that one of the most sought after locations in downtown Manhattan that provides an unprecedented level of sophisticated services and amenities in a setting of exquisite luxury is financially on stable footing."

The accolades Trump SoHo has received in its first year include being selected as the World Travel Awards Leading New Hotel in North America 2010.

Trump SoHo, at 246 Spring Street, opened in April 2010 in the fashionable SoHo (South of Houston) district. The 46-story shimmering silhouette was designed by internationally renowned Handel Architects; and the interiors have been created by the award-winning Rockwell Group. Soaring above Spring Street, this SoHo hotel provides unparalleled views of the city through floor-to-ceiling windows in the 391 spacious guest-rooms, suites and penthouses. Its restaurant, Quattro Gastronomia Italiana, and late-night cocktail lounge, Kastel, have drawn an A-list celebrity crowd. Trump SoHo is a joint venture among The Sapir Organization, Bayrock Group L.L.C. and an affiliate of The Trump Organization.

Prodigy International is the exclusive sales and marketing company for Trump SoHo New York. For more information or to schedule a private appointment, call (212) 965-0009 or visit www.trumpsoho.com.

Rubenstein Public Relations

Contact: Eric McGrath Tel: (212) 843-8490

Email: emcgrath@rubensteinpr.com

SOURCE Trump SoHo New York

Back to top
RELATED LINKS
http://www.trumpsoho.com

Featured Video

Share Print Email

RSS

Blog it

Blog Search

Other News Releases in Banking & Financial Services

BB&T Corporation declares 16-cent first-quarter dividend

Eaton Vance Closed-End Equity Funds Declare and Announce Changes in Quarterly Distributions

Oneida Financial Corp. Announces Quarterly Dividend

Other News Releases in Restructuring & Recapitalization

WHX Corporation Announces Results of 2010 Annual Meeting

Novelis to Close Foil Mill in Bridgnorth, UK

Kaplan Learning Technologies is the New Name of Top eLearning Provider Kaplan IT Learning

Journalists and Bloggers

Visit PR Newswire for Journalists for releases, photos, ProfNet experts, and customized feeds just for Media

View and download archived video content distributed by MultiVu on The Digital Center

About PR Newswire | Contact PR Newswire | PR Newswire's Terms of Use Apply | Careers | Privacy | Site Map | RSS Feeds | Blog
Copyright © 1996-2010 PR Newswire Association LLC. All Rights Reserved.
A United Business Media company.

http://www.prnewswire.com/news-releases/trump-soho-closes-on-debt-recapitalization-1... 12/14/2010

LAW OFFICE OF FREDERICK M. OBERLANDER

FREDERICK M. OBERLANDER
ATTORNEY-AT-LAW

fred55@aol.com

28 SYCAMORE LANE (PO BOX 1870)
MONTAUK, NEW YORK 11954
TELEPHONE 212.826.0357
FAX 212.202.7624

December 15, 2010

Hon. Naomi Reice Buchwald
United States District Judge
United States District Court
500 Pearl Street
New York, NY 10007
(via fax to 212.805.7927)

**REQUESTFOR EMERGENCY CONFERENCE**
**NOTICE OF PENDING ORDERS TO SHOW CAUSE**
**TO VACATE AND CORRECT ERROR**
**TO CORRECT AND RESTORE THE DOCKET**
**FOR EMERGENCY ORDERS**
**FOR ENLARGEMENT OF TIME TO SERVE**

Re: *Kriss v. Bayrock Group LLC*, 10 CV 3959

Dear Judge Buchwald:

Your Honor faxed to me yesterday a letter stating that I am not in compliance with your May 14, 2010 order. Respectfully, Your Honor is in error. I complied with all of docketed orders.[1]

On May 13, 2010, right before I would have uploaded the complaint to PACER, Your Honor issued an order not to upload. Exh. A. The complaint remained properly filed, as it still is; Your Honor even had a copy of the complaint on her desk during the telephone conference on May 13, which concluded with Your Honor's issuance of that order. Not only did Your Honor have the complaint by that time, so did Courthouse News, which got it from the intake clerk, copied it, and put it up on their web site that day. ***It was and is in the public domain***, nevertheless I observed Your Honor's written directive and did not upload it to PACER

On May 14, 2010, Your Honor issued an order *sua sponte*, directing me to file a redacted version of the complaint by May 19, 2010 and then upload that to PACER. Exh. B.

On May 18, 2010, Judge Glasser issued an *ex parte* TRO in re use of ***allegedly sealed*** documents.

On May 19, 2010, David Lewis, my counsel at the time, in behalf of me and my clients, submitted a request for abeyance of your May 14 order until such time as Judge Glasser ruled on the use of the ***allegedly sealed*** documents. Exh. C.

***On May 19, 2010, Your Honor granted the abeyance, stating you had no objection to delaying the filing of a redacted complaint until Judge Glasser ruled. Exh. D. Thus, uploading such redacted complaint has also been held in abeyance. <u>This is the order Your Honor overlooked.</u>***

[1] Parenthetically, I also note that contrary to Your Honor's statement, I most certainly did respond to your November 8th letter. As I asserted in my letter of December 13th, there are no "privileged," "confidential," or "sensitive" documents, and yes, my clients will insist on alleging Mr.Sater is a convicted RICO felon.

Judge Glasser has not ruled. There is no judgment. There is no order. There is no nothing[2]. On November 2, Judge Glasser stated during a conference call with my counsel (Richard Lerner) and with Mr. Sater's counsel (Kelly Moore) that on application he would rule the issue moot, as the ***allegedly sealed*** documents had already been circulated to numerous persons (to say nothing of all the time it was available to the world online) before any restraining order had been issued. We made application to have the issue deemed moot. Ms. Moore submitted reply papers on November 24, 2010 objecting it was not moot. To date there has been no ruling.

***As there has been no ruling, Your Honor's May 19th abeyance remains in force. As the abeyance remains, the original complaint controls. There has been no other order directing that it be redacted or amended in any way. Judge Glasser has not ruled. The abeyance remains.***

**THE SATER AND BAYROCK DEFENDANTS KNOW THE COMPLAINT CONTROLS AND IN FACT HAVE WAIVED SERVICE OF IT**

On October 29, 2010, Mr. Sater and defendant Bayrock Group, Inc. waived service of the complaint. Their answer or responsive pleading will be due December 28, 2010. I will move for default on December 29, 2010 and a hearing on damages and other remedies.

On October 29, 2010, defendants Julius Schwarz and five Bayrock entities waived service of the complaint, pursuant to a stipulated standstill agreement[3]. Their response is due January 31, 2011.

**DUAL ("HIDDEN") DOCKETS ARE UNCONSTITUTIONAL**

It is the law of this Circuit. All trial courts maintain accurate, public criminal ***and civil*** dockets. Every event must be docketed. Every judicial record must be docketed[4]. However, there are about a dozen undocketed events and judicial records in this case. Every letter that was written by me or in my behalf is undocketed. Your November 8th letter to me is undocketed. Your December 14th fax to me is undocketed. So I believe, most respectfully, that Your Honor simply forgot that you issued the May 19th abeyance order and forgot that eight defendants have waived service. Such mistakes are inevitable if the public PACER docket is incomplete. I enclose a PACER display of the docket in this matter, with an arrow pointing to where the May 19 judicial records should be docketed and uploaded for access by the public, at least in redacted form. Exh. F.

We can't all rely on near perfect eidetic memories. I can accept that the court merely forgot that it issued an order holding in abeyance my time to file a redacted complaint and upload it to PACER until Judge Glasser rules. I request the court correct its error.

---

[2] A judgment for injunctive relief must be implemented by a docketed separate writing with self-contained statement of what is to be done or not done. Oral orders are not injunctions, they are dicta. A judge who proclaims "I enjoin you" and does not follow it up with such an order has done nothing and no one is under judicial compulsion. *Garcia v. Yonkers School District*, 561 F.3d 97 (2d Cir. 2009), which quotes from and follows *Bates v. Johnson*, 901 F.2d 1424 (7th Cir. 1990).

[3] I informed the Court of these waivers on October 29. Exh. E. Your Honor has had that executed stipulated order as to the Bayrock defendants before her since October 29, awaiting your signature.

[4] *Hartford Courant v. Pellegrino*, 380 F.3d 83 (2d Cir. 2004).

The failure to properly docket probably explains – but does not excuse – Mr. Mobargha's letter yesterday, which sure looks intimidating, as it threatens civil contempt. But now, given what I will presume is not his bad faith but is his lack of knowledge of the abeyance order (which is why dockets are supposed to be accurate and complete), the letter just looks like "mere" professional negligence. I say professional negligence, not excusable mistake, because Your Honor faxed the May 19th abeyance to two attorneys at Morgan Lewis Mr. Sater's prior counsel, Exh. D, and I hold Mr. Mobargha responsible as substituting counsel for knowing that or taking enough time to find out about it before calling me and my clients blatant contemnors.

Mr. Mobargha can easily fix his negligence by withdrawing his request for leave to file a contempt motion, circulating a written apology to everyone on his "cc" list; and perhaps refunding the money to his client for having run up a needless bill. These things can be fixed.[5]

But the wrongs done to Plaintiffs, to the Trump SoHo buyers, to iStar, to CIM Group, to the Sapirs, to other Bayrock victims, and to White Rock victims – all of whom have been defrauded in the nominal aggregate of the better part of a billion dollars because of a failure of the courts to maintain a proper docket – are not so easily fixed.

I am not requesting that this letter be filed under seal. As it is requesting that this court take action based on its contents, it is a civil judicial record. Nothing in it is subject to any gag order. As a courtesy I am informing Your Honor of my intention to upload it to PACER in 24 hours so that you may have an opportunity to order me not to do so. As Your Honor has never issued a controlling sealing order, such order must have record findings sufficient for appellate review, be written, be docketed, and otherwise observe constitutionally required due process and common-law access considerations.

There is no sealing order governing anything in this case, save for your May 14th order to seal the complaint, and all that does is tell the clerk not to give the complaint out to the public.

***Accordingly with the above, I respectfully give notice of my intention to move for the immediate correction of and restoration to the docket of every submission made in this case, to be done with all deliberate speed.*** To the extent anyone objects, there may be due-process hearing on redaction, or the parties may agree and the court on record may agree. Possibly, the Court may issue an omnibus sealing order governing all submissions with respect to certain facts, but in that case I will object unless all such submissions are nonetheless docketed and also uploaded with appropriate redactions.

---

[5] I do ***not*** consent to the filing of Mr. Mobargha's letter under seal, and respectfully demand a hearing on the issue per the above, but also perhaps Mr. Mobargha does not understand that the 2nd Circuit has held that an alleged ***civil*** contemnor has an absolute Sixth Amendment right to a public hearing. It mystifies me why he would be so worried about keeping this quiet and then threaten a very public hearing. Further, Mr. Morbargha is not a judge. Typing "sealed" on his letter doesn't operate as a prior restraint. He can't order anyone to do anything and he can't order anyone to refrain from doing anything and he certainly can't issue a prior restraint order on anyone. It should be obvious then that if Your Honor decides not to docket his letter, declining to do so isn't a gag order either. Even an order to seal it isn't a gag order. This is to say, I and my clients may do as we please with his letter.

For the record, Plaintiffs neither permanently acquiesce nor object to Mr. Mobargha's representation of Mr. Sater until they learn more about the appropriately disclosed service as a judicial clerk, so reserve their rights to object while at the same time not wishing to delay the immediate and emergency relief requested.

**SEALING IS NOT A GAG ORDER**

A gag order is a prior restraint and must satisfy constitutional standards intentionally set so high that in 221 years the Supreme Court has never upheld one. Your Honor is familiar with the standards of compelling interest, notice, record findings, and least restrictive means, determined in due process adjudication. And Mr. Sater's conviction is hardly hydrogen bomb technology.

Your Honor may on motion hold hearings on a limited gag order on finding a compelling interest to protect a jury, but they must be swith full due process and open to the public. As to protecting Mr. Sater, that ship of pretext has sailed long ago with the revelation that the very public Lauria docket, EDNY 98-CR-1102, contains an information describing Mr. Sater's racketeering and a sentencing postponement request revealing Mr. Sater's guilty plea and cooperation.

Otherwise and until such hearing(s), I consider every submission in this case freely publishable, given there are no gag orders on me or my clients anymore ***except as to the complaint itself.***

And as to that particular gag order, it is not enforceable against anyone who was not noticed in advance and subject to the Court's jurisdiction, no matter how many people got a copy of the order. The idea that the All Writs Act allows unconstitutional gag orders issued on non-noticed, non-served non-parties is nonsense. Mr. Schwarz, and all those to whom he forwarded it on May 12th, may freely discuss it. I and my clients are the only people barred from discussing the complaint, or purportedly barred, as while we were subject to the Court's jurisdiction, the order is facially unconstitutional and may be ignored, though again out of respect we have not ignored it.

**RELIEF REQUESTED AND OFFER TO COMPROMISE**

I respectfully demand vacatur of your letter fax of December 14th on the ground of the May 19th abeyance order. I propose the following in good faith, subject to more detailed agreement:

(i) The Court shall further enlarge the time to serve through February 28, 2011; and

(ii) Assuming Judge Glasser has not ruled by then that I may use the documents in the "further dissemination" of the complaint as now filed, no later than December 31 Plaintiffs will file a new complaint that does not contain the documents, but will describe Mr. Sater's conviction, Mr. Lauria's conviction, and the evasion of restitution in return for their cooperation, sourced to the public Lauria documents and public transcripts of the hearings before Judge Glasser, and will also allege Defendants' RICO liability for the human trafficking and child prostitution; and

(iii) all defendants, including the Sater and Bayrock defendants with Your Honor's signature on the stipulated order, will stand still until service of that complaint (thus the defendants who waived service will remain served defendants and the complaint remain controlling as to them but they will not respond or answer); and

(iv) the Court willorder this new complaint not be counted for Rule 12 purposes as an amended or supplemental, and shall not be considered the allowed amendment as of right or as counting against consideration of any proposed amendment thereafter.

I respectfully also remind the Court that Your Honor and Judge Glasser are without constitutional power to order me to remove anything anywhere from that complaint other than by a Rule 12 motion, and nothing in that complaint is immaterial, irrelevant, impertinent, or scandalous.

**EMERGENCY CONFERENCE REQUESTED TO PREVENT FURTHER FRAUDS**

I repeat my demand for an emergency conference. Your Honor has a properly filed case and controversy before her and the defendants are committing millions of dollars of waste.

In the interests of fair play, I inform the Court and all persons on the below cc list that Mr. Kriss and Mr. Ejekam have directed me – if such a conference cannot scheduled quickly – to forthwith inform CIM Group, iStar, Trump Soho buyers, their counsel, Judge Wood, and the office of the New York Attorney General, of the fraud in the concealment of Mr. Sater's RICO conviction, so that the victims may take back what was stolen from them, and to advise them to move Your Honor and Judge Glasser for the unsealing, docketing, and disclosure of all relevant documents. I will have done all I can to stop the frauds through this Court in the hope it might be done consensually and with consensual civil protective orders and at that point my clients will have to do it directly with the victims themselves.

I wish this not be taken as any form of threat, but as an urgency of time. I simply do not see the need for formal motion practice to stop such huge ongoing fraud when there can be little doubt that a pre-motion conference will highly motivate the Defendants to stop it themselves. Your Honor's local rules require that a pre-motion conference be held. I presume therefore that upon prompt acknowledgment of the Court's error in stating I am not in compliance and in overlooking the abeyance and waivers of service I may file an Order to Show Cause rather than a Motion to save time and that you do not need a pre-Order conference. I will prepare for such now.

**REQUESTED ENLARGEMENT OF TIME TO SERVE**

As the Court must now realize (i) I have been ordered not to further disseminate the existing complaint; (ii) some defendants are now deemed served with it; (iii) the order directing a redacted complaint is in abeyance pending Judge Glasser's orders; (iv) Judge Glasser has not ordered; and (v) Plaintiffs will agree as set forth above to file an amended complaint without the documents themselves (but with allegations as set forth above); good cause is clear for enlargement of time to serve. I remind the Court again that we are in this situation once more because of prior counsel's refusal to accept Judge Glasser's November 2, 2010 statement he would rule the issues moot on application. Had that happened, service would have been complete by now. Formal request for enlargement of time to serve to February 28, 2011 as part of this compromise is hereby repeated. As incoming counsel for Mr. Sater will undoubtedly want additional time to respond to the complaint his predecessor accepted service of, I'm sure he will concur, and Mr. Saurack will as well on behalf of Bayrock and Mr. Schwarz.

Yours, etc.

Frederick M. Oberlander
Counsel for Planitiffs

cc:   Hon. I. Leo Glasser
      W. Saurack, Esq.
      Nader Mobargha, Esq.
      S. Stamoulis, Esq.

**EXHIBIT "A"**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
JODY KRISS and MICHAEL EJEKAM, et al.,

Plaintiffs,

- against -

BAYROCK GROUP LLC et al.,

Defendants.
----------------------------------------X

O R D E R

10 CV 3959 (NRB)

NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE

**WHEREAS**, the complaint in this case attaches and otherwise makes reference to documents which were sealed in a federal criminal case brought in the Eastern District of New York; and

**WHEREAS**, plaintiffs' counsel has disseminated the complaint and the exhibits thereto to certain named defendants and others, it is hereby

**ORDERED** that no further dissemination of the complaint and exhibits thereto or the sealed information contained therein be made pending further order of the Court; and it is further

**ORDERED** that plaintiffs' counsel immediately contact all persons who have received a copy of the complaint and inform them of this Court's order that there be no further dissemination of the complaint and exhibits thereto or the sealed information contained therein pending further order of the Court.

Dated: New York, New York
May 13, 2010

[signature]
NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE

**EXHIBIT "B"**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JODY KRISS and MICHAEL EJEKAM, directly and derivatively on behalf of BAYROCK GROUP LLC, BAYROCK SPRING STREET LLC, and BAYROCK WHITESTONE LLC,

Plaintiffs,

– against –

BAYROCK GROUP LLC, TEVFIK ARIF, JULIUS SCHWARZ, FELIX SATTER, BRIAN HALBERG, SALVATORE LAURIA, ALEX SALOMON, JERRY WEINRICH, SALOMON & COMPANY PC, AKERMAN SENTERFITT LLP, BRUCE STACHENFELD, DAVID GRANIN, NIXON PEABODY LLP, ADAM GILBERT, ROBERTS & HOLLAND LLP, ELLIOT PISEM, MICHAEL SAMUEL, MEL DOGAN, BAYROCK SPRING STREET LLC, JOHN DOES 1-100, BAYROCK WHITESTONE LLC, BAYROCK CAMELBACK LLC, BAYROCK MERRIMAC LLC, BAYROCK GROUP INC, and NATIONAL UNION FIRE INSURANCE CO. OF PITTSBURGH, PA,

Defendants,

– and –

BAROCK GROUP LLC, BAYROCK SPRING STREET LLC, and BAYROCK WHITESTONE LLC.

Nominal Defendants
(Derivative Plaintiffs).

**O R D E R**

10 CV 3959 (NRB)

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

**WHEREAS**, the complaint in this case attaches and otherwise makes reference to documents which were sealed in a federal criminal case brought in the Eastern District of New York; it is hereby

**ORDERED** that the original complaint be sealed pending further order of the Court; and it is further

**ORDERED** that a redacted version of the original complaint, redacting any sealed documents or references to sealed documents, be filed with the Clerk of the Court by May 19, 2010, to be followed by an electronic (.pdf) version of the redacted complaint.

Dated: New York, New York
May 14, 2010

[signature]
NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE

EXHIBIT "C"

LEWIS & FIORE
ATTORNEYS AT LAW
225 BROADWAY
SUITE 3300
NEW YORK, N.Y. 10007
(212) 285-2290
FAX (212) 964-4506

DAVID L. LEWIS
CHARLES G. FIORE

May 19, 2010

VIA FACSIMILE
(212) 805-7927

Honorable Naomi Reice Buchwald
United States District Judge
United States District Judge
500 Pearl Street
New York, New York 10007

RE: Kriss, et al. v. Bayrock Group, LLC, et al.
10 CV 3959 (NRB)

Dear Judge Buchwald:

I write to ask for emergency relief in the above-captioned matter extending the deadline for the plaintiff's counsel, Frederick Oberlander, to such time as the Honorable I. Leo Glasser of the Eastern District of New York hears and determines the issue of whether or not the plaintiffs may use material that Morgan Lewis contends to be "Sealed and Confidential".

At 6:46 PM I received electronically, Judge Glasser's sealed order granting one party to the action a preliminary injunction and temporary restraining order. This order which, of course, must be obeyed by Mr. Oberlander is contended by Morgan Lewis to go further than what this Court ordered regarding a redacted complaint to be filed.

Brian Herman of Morgan Lewis in an e-mail last night at 6:21 PM stated that Judge Buchwald and Judge Glasser's Orders are "much broader" than I understood them to be. Further, Mr. Herman stated that "we will consider any reference to the exhibits or information contained therein in any way to be a violation of the orders and will seek immediate relief including contempt."

As a consequence, Judge Glasser's order is a change in circumstances such that complying with this Court's order to file a redacted complaint appears to violate a sealed order of Judge Glasser.

Therefore, we respectfully request that the Court order the filing of the redacted complaint to be held in abeyance until Judge Glasser hears and determines the issue that is the subject of his order governing the same material.

Respectfully yours,

David L. Lewis
DAVID L. LEWIS

DLL/bf
cc: Brian A. Herman, Esquire (via email and facsimile)
Frederick Oberlander, Esquire (via email)

**EXHIBIT "D"**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
UNITED STATES COURTHOUSE
500 PEARL STREET
NEW YORK, NY 10007-1312

NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE

212-805-0194

May 19, 2010

David L. Lewis, Esq.
Lewis & Fiore
225 Broadway, Suite 3300
New York, NY 10007
Fax: 212.964.4506

**Re: Kriss, et al. v. Bayrock Group, LLC, et al.**
**10 Civ. 3959 (NRB)**

Dear Mr. Lewis:

While I do not understand how you could have interpreted my earlier orders to permit "any reference to the exhibits or information contained therein," I have no objection to delaying the filing of a redacted complaint until Judge Glasser rules on the sealed document issue pending before him.

Very truly yours,

[signature]

Naomi Reice Buchwald
United States District Judge

Cc: Frederick M. Oberlander, Esq.
Law Office of Frederick M. Oberlander
28 Sycamore Lane, Box 1870
Montauk, NY 11954
Fax: 212.202.7624

Kelly A. Moore, Esq.
Brian A. Herman, Esq.
Morgan, Lewis & Bockius LLP
101 Park Avenue
New York, NY 10178
Fax: 212.309.6001

# EXHIBIT "E"

LAW OFFICE OF FREDERICK M. [illegible]

[illegible]

[illegible]

Dear Judge [illegible]:

[illegible]

[illegible]

[illegible]

[illegible]

[illegible]

[illegible]

[illegible]

[illegible]

[illegible]

[illegible]

[illegible]

[illegible]

[illegible]

[illegible]

**"EXHIBIT F"**

| Date Filed | # | Docket Text |
|---|---|---|
| 05/10/2010 | 1 | COMPLAINT against Tevfik Arif, Julius Schwarz, Felix Satter, Brian Halberg, Salvatore Lauria, Alex Salomon, Jerry Weinrich, Salomon & Company PC, Akerman Senterfitt LLP, Martin Domb, Craig Brown, Duval & Stachenfeld LLP, Bruce Stachenfeld, David Granin, Nixon Peabody LLP, Adam Gilbert, Roberts & Holland LLP, Elliot Pisem, Michael Samuel, Mel Dogan, BayRock Spring Street LLC, John Does 1-100, BayRock Whitestone LLC, BayRock Camelback LLC, BayRock Merrimac LLC, BayRock Group Inc., National Union Fire Insurance Co. of Pittsburgh, PA, BayRock Group LLC. (Filing Fee $ 350.00, Receipt Number 904026)Document filed by Jody Kriss, Michael Bjekam, BayRock Spring Street LLC, BayRock Whitestone LLC.(ama) (Entered: 05/14/2010) |
| 05/10/2010 | | SUMMONS ISSUED as to Tevfik Arif, Julius Schwarz, Felix Satter, Brian Halberg, Salvatore Lauria, Alex Salomon, Jerry Weinrich, Salomon & Company PC, Akerman Senterfitt LLP, Martin Domb, Craig Brown, Duval & Stachenfeld LLP, Bruce Stachenfeld, David Granin, Nixon Peabody LLP, Adam Gilbert, Roberts & Holland LLP, Elliot Pisem, Michael Samuel, Mel Dogan, BayRock Spring Street LLC, John Does 1-100, BayRock Whitestone LLC, BayRock Camelback LLC, BayRock Merrimac LLC, BayRock Group Inc., National Union Fire Insurance Co. of Pittsburgh, PA, BayRock Group LLC. (ama) (Entered: 05/14/2010) |
| 05/10/2010 | | Magistrate Judge Frank Maas is so designated. (ama) (Entered: 05/14/2010) |
| 05/10/2010 | | Case Designated ECF. (ama) (Entered: 05/14/2010) |
| 05/14/2010 | 2 | ORDER: It is hereby ORDERED that no further dissemination of the complaint and exhibits thereto or the sealed information contained therein be made pending further order of the Court; and it is further ORDERED that plaintiffs' counsel immediately contact all persons who have received a copy of the complaint and inform them of this Court's order that there be no further dissemination of the complaint and exhibits thereto or the sealed information contained therein pending further order of the Court. Copies Mailed By Chambers. (Signed by Judge Naomi Reice Buchwald on 5/13/2010) (jfe) Modified on 5/14/2010 (jfe). (Entered: 05/14/2010) |
| 05/14/2010 | 3 | ORDER: It is hereby ordered that the original complaint be sealed pending further order of the Court; and it is further ORDERED that a redacted version of the original complaint, redacting any sealed documents or references to sealed documents, be filed with the Clerk of the Court by May 19, 2010, to be followed by an electronic (.pdf) version of the redacted complaint. (Signed by Judge Naomi Reice Buchwald on 5/14/2010) Copies Mailed By Chambers.(jpo) Modified on 5/18/2010 (jpo). (Entered: 05/18/2010) |
| 05/14/2010 | | Transmission to Sealed Records Clerk. Transmitted re: 3 Order, Set Deadlines/Hearings,,, to the Sealed Records Clerk for the sealing or unsealing of document or case. (jpo) (Entered: 05/18/2010) |
| 05/14/2010 | | Minute Entry for proceedings held before Judge Naomi Reice Buchwald: Telephone Conference held on 5/14/2010. (mro) (Entered: 05/24/2010) |
| 05/17/2010 | | ***NOTE TO ATTORNEY TO E-MAIL PDF. Note to Attorney Frederick Martin Oberlander for noncompliance with Section (14.3) of the S.D.N.Y. Electronic Case Filing Rules & Instructions. E-MAIL the PDF for Document 1 Complaint,, to: case_openings@nysd.uscourts.gov. (mro) (Entered: 05/17/2010) |
| 05/25/2010 | 4 | ENDORSED LETTER addressed to Judge Naomi Reice Buchwald from Brian A. Herman dated 5/25/2010 re: On 5/14/2010, this Court sealed the complaint in this matter and the exhibits thereto. In connection with certain sealed proceedings now before Hon. Judge Glasser concerning the use of certain information in the Complaint, counsel requests permission to provide a copy of the Complaint to Judge Glasser. ENDORSEMENT: Application granted. (Signed by Judge Naomi Reice Buchwald on 5/25/2010) (tro) (Entered: 05/25/2010) |
| 08/11/2010 | 5 | ORDER ENLARGING TIME TO SERVE COMPLAINT; Good cause being shown, Plaintiffs' time to serve the complaint, as such may or may not be amended hereafter, shall be enlarged to extend through October 29, 2010. (Service due by 10/29/2010.)(Signed by Judge Naomi Reice Buchwald on 8/11/10); (djc) (Entered: 08/12/2010) |
| 11/02/2010 | 6 | ORDER ENLARGING TIME TO SERVE, FRCP 4,6: Good cause being shown, Plaintiffs' time to serve the complaint shall be further enlarged to extend through and inclusive of December 31, 2010. (Signed by Judge Naomi Reice Buchwald on 11/1/10) (mro) (Entered: 11/02/2010) |

