UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - X

UNITED STATES OF AMERICA,    :
                             :
              Plaintiff,     :    98-CR-1101
                             :
        -against-            :    United States Courthouse
                             :
                             :    Brooklyn, New York
                             :
JOHN DOE,                    :
                             :
              Defendant.     :
                             :    June 11, 2010
                             :    11:00 a.m.
- - - - - - - - - - - - - - X

TRANSCRIPT OF ORDER TO SHOW CAUSE
BEFORE THE HONORABLE I. LEO GLASSER
UNITED STATES DISTRICT JUDGE

APPEARANCES:

For the Movant:          MORGAN LEWIS
                         BY:  KELLY MOORE, ESQ.
                              BRIAN A. HERMAN, ESQ.


For the
Non-Party Respondents:   WILSON ELSER
                         BY:  RICHARD E. LERNER, ESQ.
                              LAUREN J. ROCKLIN, ESQ.
                         For:  Oberlander

                         STAMOULIS & WEINBLATT LLC
                         BY:  STAMATIOS STAMOULIS, ESQ.
                         For:  Kriss and Ejekam


Court Reporter:          FREDERICK R. GUERINO, C.S.R.
                         225 Cadman Plaza East
                         Brooklyn, New York
                         718-330-7687

Proceedings recorded by mechanical stenography, transcript
produced by CAT.

1          THE COURT CLERK:  Criminal cause for order to show

2     cause, docket number 98-CR-1101, United States of America v.

3     John Doe.

4          Counsel, please approach and state your names for

5     the record.

6          MS. MOORE:  Kelly Moore and Brian Herman of Morgan

7     Lewis for John Doe.

8          MR. LERNER:  Richard E. Lerner of Wilson Elser

9     Moskowitz Edelman & Dicker, and Lauren Rocklin of the same

10    firm.

11         THE COURT:  I didn't get your name.

12         MR. STAMOULIS:  Stamatios Stamoulis on behalf of

13    Jody Kriss and Michael Ejekam.

14         THE COURT:  Ms. Moore.

15         MS. MOORE:  Your Honor, we are ready to proceed.

16         I ask that Mr. Ejekam and Mr. Kriss be placed under

17    oath and take the stand to comply with the court's order and

18    provide the information that is ordered to be produced in

19    that order in terms of where they got the sealed information

20    and how they got it and how it was disseminated.

21         MR. LERNER:  On behalf of Mr. Oberlander, I object

22    on the grounds that Mr. Sater has failed to make a prima

23    facie showing entitlement to any relief whatsoever on this

24    motion.  Mr. Sater has not stated that he protected his

25    personal copies of the documents.  There is no information

1   based upon personal knowledge set forth in Mr. Sater's

2   papers.  This is the guy from which this court can draw an

3   inference of wrongdoing on the part of Mr. Oberlander.

4   There's no prima facie showing of entitlement to any relief.

5   We set that forth in our papers.

6          We would ask that before Mr. Oberlander be called to

7   testify, that Mr. Sater submit an affidavit stating that he

8   protected the documents, and then at least allow us an

9   opportunity to cross-examine him before Mr. Oberlander is

10  required to testify.

11         THE COURT:  You want to respond, Ms. Moore?

12         MS. MOORE:  Your Honor, frankly I think that

13  application is ridiculous in terms of a prima facie case.  We

14  have sealed documents that were attached to a civil complaint

15  in the Southern District that on their face appear to be

16  sealed.  Other attachments to that complaint refer to them as

17  sealed.  The complaint itself refers to them as sealed.  One

18  of the respondents is an attorney licensed in New York.  The

19  notion that my client needs to come forward and produce an

20  affidavit that he did something to protect the documents that

21  were wrongfully taken and then wrongfully used is ridiculous.

22         THE COURT:  Mr. Lerner?

23         MR. LERNER:  May I respond?

24         THE COURT:  By all means.

25         Why don't you sit down.  I'm referring to you, sir.

1  Why don't you sit down.  There's no need for you to stand.

2         Would you be more comfortable sitting or do you

3  prefer to stand?

4         MR. StAMOULIS:  I prefer to stand.

5         THE COURT:  I prefer you to sit down.

6         MR. LERNER:  Your Honor, counsel has stated that the

7  documents were taken.  There is no basis for such an

8  inference.  Until there is an affidavit or testimony from Mr.

9  Sater stating that he protected the documents, Rule 32 says

10  that presentencing reports shall be given to the defendant,

11  Mr. Sater.  There's no showing that he had an obligation to

12  not disseminate them further.  And even if he violated his

13  own right to not disseminate them, if he did violate his

14  right not to disseminate them, that's his problem, your

15  Honor.

16         THE COURT:  Mr. Lerner, with all due respect, I

17  think a prima facie case has clearly been made out.  I think

18  the document, which is clearly indicated to be under seal by

19  virtue of an order of this court, is a sufficient

20  notification to anybody that this is a document which is not

21  intended to be distributed, openly disseminated by anybody,

22  other than by virtue of an order of the court unsealing that

23  document.

24         A notion that a person for whose benefit or in whose

25  interest the document was sealed has to further make some

1  declaration that he did not permit anybody else to access

2  that document.  It seems to me, by way of analogy, to say

3  that you have received a letter which is clearly addressed to

4  somebody else, containing what is obviously a check, and you

5  open letter and deposit the check, you didn't have to obtain

6  the consent of the person to whom that letter was addressed

7  to open the letter and use or see the contents.  So the

8  argument that you make is not very persuasive.

9          MR. LERNER:  Your Honor --

10          THE COURT:  There was an order that I issued with

11  respect to those documents.  The presentence report in

12  particular is a document about which this court, and every

13  court, and Rule 32 of the Federal Rules of Criminal

14  Procedure, have a very, very clear and important interest in,

15  because the information in those documents may in any given

16  case, and in this one in particular, places the life of

17  somebody in jeopardy.

18          I don't want to recite the Charmer case which made

19  it very plain, and other cases like it, and I'm very

20  interested in knowing how this document found its way annexed

21  to a complaint in the Southern District of New York, a

22  document which was clearly, clearly designated as having been

23  filed under seal.

24          MR. LERNER:  Your Honor, before we received your

25  letter yesterday authorizing us to contact Mr. Oberlander's

1   client, we would like an opportunity to -- we tried

2   contacting that client yesterday.  We could not.  We would

3   like an opportunity -- we would like an adjournment so that

4   we may contact that individual, so that that individual can

5   be asked to submit an affidavit and possibly testify as to

6   the circumstances under which it is believed that Mr. Sater

7   relinquished any interest, protected interest, in those

8   documents.

9           THE COURT:  One thing that I found rather curious is

10  why Mr. Oberlander needed my consent --

11          MR. LERNER:  Well --

12          THE COURT:  -- to communicate with his client.

13          MR. LERNER:  The order to show cause prevents

14  dissemination of this.  It restricts the persons who may see

15  this motion; therefore, he has not provided it to that

16  client.

17          THE COURT:  I'm at a loss to understand what it is

18  that you are saying to me.  At that time there was something

19  about this motion which prevented Mr. Oberlander from

20  speaking to his client?

21          MR. LERNER:  We believe that it can fairly be read

22  to prevent disclosure.

23          THE COURT:  What is there in the order that would

24  have prevented Mr. Oberlander from conferring with his

25  client?

1          MR. LERNER:  The TRO says that pending said hearing

2     --

3          THE COURT:  Yes?

4          MR. LERNER:  -- Messrs. Kriss, Ejekam and Oberlander

5     and their representatives, employees, and agents, and all

6     other persons acting in concert with them, and all other

7     persons who have obtained the sealed and confidential

8     materials, are restrained and enjoined from disseminating the

9     sealed and confidential materials or information therein

10    further.

11         So we can't speak with other people about this, and

12    that includes in our interpretation for safety sake he can't

13    contact anyone other than us to speak about this matter.

14         MS. MOORE:  Your Honor, if I may.

15         Your Honor, I had a conversation with

16    Mr. Oberlander's counsel on Monday about this.  They advised

17    me that was their interpretation of the order.  I advised

18    them I didn't read it that way.  I would take another look at

19    it, but I didn't think it read that way.  I would be happy to

20    contact chambers for clarification.

21         My partner asked me to contact them in the morning

22    so that we could contact chambers to receive permission on

23    Tuesday to reach out to this mysterious client.  I received

24    an e-mail advised by Mr. Lerner.  I sent an e-mail to the

25    other two lawyers saying, are either of you available to

1  contact Judge Glasser?  They advised me that it was premature

2  to call the court.  They didn't agree to that call, and

3  therefore they decided of their own accord that they wouldn't

4  proceed in that application.  I advised them I wouldn't

5  consent to this.  They knew as of Tuesday there wasn't going

6  to be a problem contacting the client.  They didn't need to

7  notify the court.  If they thought that, they could have

8  called chambers on Tuesday with me to get that clarification.

9           MR. LERNER:  We set forth in our motion papers the

10  argument that until a prima facie showing is made and until

11  the court orders us and allows us to contact that person, we

12  cannot do so.  By letter dated June 8th, your Honor directed

13  that we could.  Therefore, we attempted yesterday - and that

14  letter was sent by regular mail and received yesterday -

15  therefore, yesterday we attempted to contact the client, but

16  were unsuccessful.

17           THE COURT:  Mr. Lerner, it is really serving no

18  useful purpose for me to suggest that your reading of that

19  motion is, in my view, specious.  And if you were advised

20  days ago that you could have sought clarification from me,

21  and the plaintiff or the petitioner here or movant here

22  indicated to you some days ago that there was no reason that

23  you couldn't or Mr. Oberlander couldn't contact his client

24  regarding your request for an adjournment here, as being

25  nothing more than stalling, to put it very bluntly.

1          I will give you until Monday to return here with

2     whatever information this order to show cause is directing

3     you to provide.  A prima facie case has been made out, I

4     think I indicated that quite clearly.  I think your view of

5     the matter as a person for whose benefit documents have been

6     placed under seal by a court is under some obligation to

7     prove that he did not voluntarily undertake to undo the order

8     of the court.  It seems to me to be very, very specious.  I

9     expect you to be here on Monday.

10          Is noon on Monday available?

11          THE COURT CLERK:  Yes.

12          THE COURT:  Anything further?

13          MS. MOORE:  No, Your Honor.  I assume that the

14     respondents will be directed to appear as well.

15          THE COURT:  Absolutely.

16          MR. LERNER:  Thank you, your Honor.

17          THE COURT:  And I think there's a TRO in place,

18     isn't there?

19          MS. MOORE:  There is, your Honor.

20          THE COURT:  I'm extending that until Monday at noon.

21          MR. LERNER:  Thank you.

22          THE COURT:  Is there anything further?

23          MS. MOORE:  No, Your Honor.

24          THE COURT:  Thank you.

25          (The proceedings are concluded.)