# WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

150 East 42nd Street, New York, NY 10017-5639
Tel: 212.490.3000   Fax: 212.490.3038

*Albany • Baltimore • Boston • Chicago • Dallas • Garden City • Houston • Las Vegas • London • Los Angeles • Louisville • McLean
Miami • Newark • New York • Orlando • Philadelphia • San Diego • San Francisco • Stamford • Washington, DC • White Plains
Affiliates: Berlin • Cologne • Frankfurt • Mexico City • Munich • Paris*

www.wilsonelser.com

February 4, 2011

**Via Facsimile – (718) 613-2446**

The Honorable I. Leo Glasser
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York, 11201

Re:   United States of America v. Felix Sater
      Case No.         :   98CR1101 (ILG)
      Our File No.     :   07765.00155

Dear Judge Glasser:

    In response to yesterday's letter from Mr. Kaminsky, suggesting your honor not docket all events in this matter until the Second Circuit rules on the government's motion to stay the unsealing of *their* docket: We cannot take an appeal from an empty docket. What is the Second Circuit to review? We demand that you docket all events in this case forthwith, as the Second Circuit requires.

    The issue on appeal is an unwritten, undocketed prior restraint gag order. While there is a collateral issue on appeal as to sealing of the Second Circuit's docket, each court controls its own docket. The unsealing of the Second Circuit docket will probably moot the issue for you, and unsealing your docket would moot the issue for the Second Circuit, but no one has yet asked the Second Circuit to order the unsealing of the unlawfully (*i.e.*, in violation of the First Amendment, *Press Enterprise II, Alcantara* and *Hartford Courant*) sealed district court docket herein.

    Additionally, as we noted in yesterday's letter, Mr. Kaminsky has recently disclosed that Mr. Sater's conviction became final in October 2009. This fact was first disclosed in Mr. Kaminsky's aforementioned motion, which is dated January 24, 2011.

    As indicated in the annexed email exchange with Mr. Kaminsky on February 1st and 2nd, in the exercise of my client's clients' CVRA rights to confer with the government we asked for what crime Mr. Sater was ultimately sentenced. Mr. Kaminsky has not responded. We cannot discern from Mr. Kaminsky's concession that Mr. Sater's conviction became final upon sentencing October 2009 whether Sater was sentenced for the highest offense charged.

    If Sater was allowed to re-plead, and then sentenced for a lesser offense, then my client's clients may only have until Monday, February 7th to file a CVRA mandamus proceeding in order to seek to re-open Sater's plea or sentence. See CVRA, 18 U.S.C. §3771 (d)(5). This section provides 14 days to mandamus to re-open a plea or sentence if the defendant "has not pled to the highest offense charged." If we do not have confirmation that shows Sater was sentenced to a charge of substantive racketeering as originally charged, to protect that CVRA right to seek to void his

- 1 -

4316762.1

sentence we may be forced to bring on a CVRA mandamus proceeding forthwith. As you know, the Court of Appeals will then rule within 72 hours.

Thus, in behalf of my client, I demand the following: First, the requested confirmation by the close of business today that Mr. Sater pled to and was convicted of the highest offense charged against him.[1] Second, the immediate docketing of all "events" from the beginning of this case, to the present, inclusive of this letter.

Very truly yours,

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

Richard E. Lerner

Enclosures: Email exchange with Mr. Kaminsky

cc: **Via E-Mail** (with enclosures)
Kelly Moore, Esq.
Brian Herman, Esq.
Stamatios Stamoulis, Esq.
Todd Kaminsky, Esq. – US Attorney's Office
Joshua Bernstein
Arnold Bernstein, Esq.
Frederick M. Oberlander, Esq.

---

[1] We also demand disclosure of the sentencing disposition, including the restitution (if any), terms of probation, forfeiture, and statement of reasons as required to be stated in open court pursuant to §3553(c), including the reasons for probation, for a fine roughly 1/3200th of the $80,000,000 or more you could have imposed, and if no or partial restitution was ordered we demand to know the reason therefor. We are unaware of exception to the statute. The House Committee didn't either, noting that in the case of a cooperator there still had to be an open court statement of reasons. From HR 107-769

> Judge Rosenbaum's action in conducting the proceeding in secret appears to be in conflict with 18 U.S.C. Section(s) 3553(b) that requires that:
>> The court, at the time of sentencing, shall state in open court the reasons for its Imposition of the particular sentence, and, if the sentence
>> * * *
>> (2) ... is outside the range described in section (a)(4), the specific reason for the imposition of a sentence different from that described.
>
> There are certainly mechanisms available to a court in appropriate circumstances, consistent with Federal law and judicial practice, to conduct certain proceedings or portions of proceedings in camera or have matters placed under seal. Protecting the safety of a cooperating defendant by not publicly disclosing the details of his cooperation is a prime and common example, which can be achieved consistent with 18 U.S.C. Section(s) 3553(b).
> That can be accomplished, and usually is, by providing the sentencing judge with an in camera submission detailing the cooperation and assistance. It does not require closing the entire proceeding, nor does it justify failure to adhere to the command of 18 U.S.C. Section(s) 3553(b). See Rule 32(c)(4) Fed. R. Crim. P. ("The court's summary of information under (c)(3)(A) ['information that if disclosed might result in harm, physical or otherwise, to the defendant or other persons'] may be in camera"). Rule 32(c)(4) further permits "[u]pon joint motion by the defendant and by the attorney for the Government, the court may hear in camera the statements [of counsel, the defendant and the victim]."
> Significantly, *Rule 32 does not authorize the court to exclude from the public record the reasons for the imposition of a particular sentence.* [Emphasis added]

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
4316762.1