FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ MAY 13 2011 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------- X

UNITED STATES OF AMERICA,

            Plaintiff,

    - against -

JOHN DOE,

            Defendant.

-------------------------------------------------------- X

**ORDER**

98 Cr. 1101 (ILG)

      Richard Roe is an attorney who seeks to use documents and information from this sealed criminal case against John Doe in public discourse and unrelated civil litigation. Judge Glasser, who presided in the underlying criminal case which culminated in a 2009 sentencing of John Doe, has permanently enjoined Roe from possessing, distributing, or using in any way the Presentence Investigation Report ("PSR") and other documents prepared for this case (the "sealed documents"). Roe has filed several civil cases alleging Doe's involvement in fraudulent business practices, and objects to the continued sealing of Doe's criminal case. The Government has asserted that maintenance of the sealing orders for at least part of the criminal docket is necessary to maintain the personal safety of Doe and national interests in law enforcement and security.

      On February 14, 2011, the Second Circuit issued an order addressing Richard Roe's appeal from Judge Glasser's injunction, Roe's petition for a writ of mandamus directing Judge Glasser to allow public access to the case docket, and the Government's request for a temporary injunction to restrain Roe from dissemination of any sealed materials. The Circuit denied Roe's petition and granted the Government's motion for an emergency stay in unsealing the docket and

a temporary injunction prohibiting Roe from "distributing or revealing in any way . . . any documents or contents thereof" from this case or any related sealed cases. Roe's appeal of Judge Glasser's injunction is pending.

In connection with the February 14 Order, the Circuit remanded the case to the Eastern District with instructions for the Chief Judge to assign a District Judge "with the limited mandate of implementing and overseeing compliance with our orders and the orders previously entered by Judge Glasser." By Order of February 15, 2011, then-Chief Judge Dearie referred the case to me for enforcement of this limited mandate.

In the exercise of my limited jurisdiction, I held a hearing on April 1, 2011, to address Roe's request for clarification of the Second Circuit's Order. This Memorandum Decision and Order addresses his question as to whether he may disseminate information available in public records. Roe has brought to the Court's attention several instances of publication of information contained in the sealed documents at issue, including newspaper and magazine articles describing Doe's past and particulars of the case, and a press release from the U.S. Attorney stating that Doe had pleaded guilty to RICO charges.

At the April 1 hearing, I opined that information available to the public was not covered by the Second Circuit's injunction, but emphasized that extrapolation from sealed documents would not be permitted because it could easily be combined with and thereby tainted by Roe's knowledge of non-public, sealed information. I suggested that insofar as Roe sought a more specific interpretation of the Second Circuit's orders, he might submit a chart that listed single sentence statements juxtaposed with their sources, which he has done. Doe has objected to the use each of the three proposed statements, and I evaluate them in turn.

The first fact upon which Roe has requested clarification is: "98-CR-1101 is . . . [the] criminal case [of John Doe's real name] and John Doe is [John Doe's real name]." The specific sources listed for this statement are that the caption for the case once included John Doe's real name rather than "Doe," a magazine article, more than a decade old, which noted that a "sealed" complaint existed, and a newspaper article, nearly five years old. Roe also cites an unsealed recent hearing associated with the case's docket number.

Roe lists no source that refers to "Doe" by his real name and includes docket number 98-CR-1011. Roe argues that because the case was once accessible on PACER under the caption that included Doe's real name along with the docket number, the information is in the public domain. The Second Circuit's Order does not permit dissemination of such material because Roe has not pointed to a source currently available to the public that contains the same information.

The remaining public sources cited in support of this statement simply do not link John Doe, by his real name, with the docket number. Instead, in making the statement, Roe adds his knowledge of the docket number to public information that a sealed case exists, which is exactly what the injunction seeks to prevent. Roe makes the frivolous argument that because Judge Glasser did not explicitly reiterate the prohibition on disclosing Doe's real name at this unsealed hearing, Doe's name may be made public. However, Doe's real name was intentionally never mentioned at the hearing. Thus, just as in the instant Order, the prohibition against revealing Doe's real name is implicit based on the sealing of the case as a whole and the use of "Doe" at that hearing. Doe's identity cannot be discerned from that hearing and the Second Circuit's Order staying an unsealing of the docket enjoins Roe from revealing such information.

3

The second statement combines the public information that Doe was convicted of RICO charges – accessible to the public in a press release published by the U.S. Attorney – with non-public information regarding the nature of the predicate acts underlying the RICO charges. It does not appear that the names and descriptions of the predicate acts are publicly available from any source other than a letter in a related case that Roe downloaded from PACER in 2010, but is now under seal and thus subject to the Second Circuit's injunction. Roe's distribution or revelation of the information contained in the letter would violate court orders.

Finally, Roe seeks to make a third statement: "On October, 23, 2009," John Doe, by his real name, "was sentenced to probation and a $25,000 fine." The Government's request to unseal certain information about Doe's sentence is currently pending before Judge Glasser. Unless and until Judge Glasser orders this information unsealed, it remains subject to the Second Circuit's injunction.

It seems obvious that Roe is seeking to fatally undermine the purpose of the injunctions by publicizing information that would render them ineffective. Roe therefore may not issue any of the three statements submitted in his April 14 letter.

**SO ORDERED.**

S/BMC<br>U.S.D.J.

Dated: Brooklyn, New York
       May 13, 2011