# WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

## FACSIMILE

**150 East 42nd Street**
**New York, NY 10017-5639**

Telephone  #:   212.490.3000
Facsimile   #:   212.490.3038

---

The following facsimile has  page(s) including this cover page.  If you have any difficulty, or if the transmission was incomplete, please advise:  .

---

| | | | |
|---|---|---|---|
| From: | Richard E. Lerner | Date: | February 1, 2012 |
| Attorney #: | 1366 | File #: | 07765.00155 |
| Re: | Roe v. US v. Doe (10-2905, 11-479-CR /US v. Doe (98-CR-1101) | | |

---

Please deliver as soon as possible to:

---

| Recipient | Company | Fax No. | Phone No. |
|---|---|---|---|
| Hon. I. Leo Glasser | USDC/EDNY | (718) 613-2446 | (718) 613-2440 |

cc:   via email to
        Todd Kaminsky
        Nader Mobargha

Dear Judge Glasser:

We have received no order from your honor in response to yesterday's fax, nor any correspondence from the Justice Department or from John Doe's counsel. Presumably, neither the Justice Department nor Doe's counsel can think of a constitutional basis for gagging dissemination of your January 27th "Scheduling Order" to the New York Times.

---

This message is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone, and return the original message to us via postal service. Thank you.

Albany • Baltimore • Boston • Chicago • Dallas • Denver • Garden City • Houston • Las Vegas • London • Los Angeles
Louisville • McLean • Miami • New Jersey • New York • Orlando • Philadelphia • San Diego • San Francisco • Stamford
Washington DC • West Palm Beach • White Plains
Affiliates: Berlin • Cologne • Frankfurt • Mexico City • Munich • Paris

4914370v.1

We note that when the government wrote to you on January 26th, you issued a response within one day. Considering the First Amendment implications that would be posed by a restraint on my client's right to disseminate your January 27th "Scheduling Order" to the New York Times, and its revelation that the government is repudiating its obligations under the CVRA and 28 CFR § 50.9 (as the court's repudiation of its CVRA obligations to ensure the government notifies Doe's victims of his sentencing & etc.), we would have expected that you would have acted with equally deliberate speed in response to yesterday's fax, if it were indeed your intent to issue a gag order.

If you believe that the public has no interest in knowing that an unsealing motion that was publicly identified by the Second Circuit as being before your honor since March 17, 2011 was so quickly withdrawn after the New York Times started asking questions, we request that, by 11:00 am tomorrow, February 2, 2012, you issue a proper gag order, that complies with FRCP Rule 65(d) and First Amendment requirements (i.e., with the requisite First Amendment findings) barring the dissemination of the "Scheduling Order."

If we do not receive such an order, we will forward the January 27th "Scheduling Order" to the New York Times. If we do receive such an order, we will immediately appeal.

Further, you are advised that we do not waive our rights to a *full* due process hearing prior to your issuance of such a gag order. *Carroll v. Princess Anne*, 393 US 175 (1968). It may have to begin telephonically, or you may claim to have to issue such order on an emergency basis to be followed immediately by such a hearing, but in the absence of any written docketed order of any kind anywhere restricting our dissemination, and as we have consistently stated, we will not permit hearings to be "closed" or documents "sealed" without compliance with First Amendment formalities, and the same applies here.

As with all other proceedings before you, such hearing must be open to the public, including the New York Times, unless you properly hold a preclosure hearing itself open to the public, and docket everything.

I will be in court much of the day tomorrow. Accordingly, if I do not respond immediately to any request from the court to hold off giving the "Scheduling Order" to the New York Times, I will get back to you as soon as I can. However, if I hear nothing from the court, I'll assume that your honor recognizes that he cannot, consistent with the Constitution, restrain the dissemination of the order.


Respectfully submitted,


2

4914370v.1

Richard E. Lerner

.

4914370v.1