# WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

## FACSIMILE

150 East 42nd Street  
New York, NY 10017-5639

Telephone #: 212.490.3000  
Facsimile #: 212.490.3038

The following facsimile has page(s) including this cover page. If you have any difficulty, or if the transmission was incomplete, please advise: .

| | | | |
|---|---|---|---|
| From: | Richard E. Lerner | Date: | January 31, 2012 |
| Attorney #: | 1366 | File #: | 07765.00155 |
| Re: | Roe v. US v. Doe (10-2905, 11-479-CR /US v. Doe (98-CR-1101) | | |

Please deliver as soon as possible to:

| Recipient | Company | Fax No. | Phone No. |
|---|---|---|---|
| Hon. I. Leo Glasser | USDC/EDNY | (718) 613-2446 | (718) 613-2440 |

cc: via email to  
Todd Kaminsky  
Nader Mobargha

Dear Judge Glasser:

In late February 2011, after we brought to the attention of the Justice Department the press release contained in the Congressional Record which indicates that Doe had pled guilty to racketeering, Mr. Kaminsky advised me that in light of the press release the DOJ had very serious ethical concerns about the continued sealing of John Doe's criminal file. (In light of the press release, Mr. Kaminsky's representation to the Second Circuit at the February 14, 2011 oral argument that Doe's entire prosecution had been carefully protected turned out to be an

This message is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone, and return the original message to us via postal service. Thank you.

Albany • Baltimore • Boston • Chicago • Dallas • Denver • Garden City • Houston • Las Vegas • London • Los Angeles  
Louisville • McLean • Miami • New Jersey • New York • Orlando • Philadelphia • San Diego • San Francisco • Stamford  
Washington DC • West Palm Beach • White Plains  
Affiliates: Berlin • Cologne • Frankfurt • Mexico City • Munich • Paris

4912563v.1

unintentional misrepresentation that had to be corrected). In accordance with his ethical obligations, Mr. Kaminsky quite commendably wrote to the Second Circuit advising that it would have to reconsider the position it had been taking, and then on March 17th filed a motion to unseal before your honor.

The New York Times has contacted me and asked about the Second Circuit's decisions, which are very public, and my client agreed to be interviewed, but would absolutely not (and did not) discuss anything that is under seal.

On January 26th, the New York Times reporter told me that he had just reached out to the Justice Department and to Mr. Doe's counsel.

We have now received your order dated January 27th, which indicates that the government has now withdrawn its March 17, 2011 motion to unseal, by letter dated January 26th. This causes one to believe that the government withdrew the motion in response to the New York Times' inquiry. (We were not provided a copy of the government's January 26th letter, and we demand its unsealing).

We remind the court that the government's official policy is against sealing of court proceedings (28 C.F.R. 50.9), and that government attorneys are under an obligation to review any sealed matters every sixty days, and to move to unseal if the reasons the matter had been sealed no longer obtain. We don't see how the government could have felt ethically bound to move to unseal back in March 2011, yet now – perhaps after the New York Times has figured out that there is a secret file in EDNY – they feel they could just withdraw their motion.

That being said, we remind your honor that we have moved to unseal the entire docket. Our motion is not referenced in your "scheduling order." You will also recall, that the Second Circuit previously found that that you have the jurisdiction to entertain the motion to unseal. That our motion is not mentioned in your "scheduling order" suggests that perhaps there is some basis for Doe's counsel's representation (actually a threat) that your honor would never decide the motion to unseal. If that is not so, and you do intend to take up our motion to unseal, then please amend your scheduling order to include that you will indeed take up the issues raised by our motion to unseal.

Also, I remind your honor that, as the Second Circuit's order is a matter of public record, and it is thus a matter of public record that the issue of the dissemination of the proffer agreement(s), cooperation agreement, criminal complaint and criminal information must be taken up by you, it is my client's position that he can invite whomever he wishes to attend the hearing scheduled for March 9th.

It is also my client's position that there is nothing in the "scheduling order" that indicates that it is under seal. There is nothing that says my client is gagged from stating what is in it. It contains none of the requisite findings that would comply

4912563v.1

with Rule 65 (d), and would suffice to support a prior restraint gag order.

Therefore, unless you issue a direct gag order that comports with Rule 65 (d) in all respects, with requisite findings necessary to support a prior restraint gag order, my client will release the order to the public, so they may have due notice of the March 9th hearing, as well as due notice of the issues that will be raised therein.

We request that the order be amended to reflect that you will take up the issues raised by my client's motion to unseal.

The "scheduling order" will be released to the New York Times unless we receive a gag order that complies in all respects with Rule 65 (d).

Please note that if any such gag order is issued, we will take an immediate appeal.

Respectfully submitted,

Richard E. Lerner

4912563v.1