

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

EJK:EMN
F.#1998R01996

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

March 15, 2012

By Hand

To Be Filed Under Seal

The Honorable I. Leo Glasser
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

RECEIVED
3/15/12
Chambers of
I. Leo Glasser
U.S.D.J.

  Re: United States v. John Doe
    <u>Criminal Docket No. 98-1101 (ILG)</u>

Dear Judge Glasser:

  The government respectfully writes with respect to the letter filed by non-party Richard Roe dated March 12, 2012 in which Mr. Roe states that he has been asked by pro se movant Lorienton NA Palmer to write and file a memorandum of law on her behalf in support of her motion to unseal the docket in the above-captioned case. The government writes to address the propriety of the proposed representation of Ms. Palmer by Mr. Roe.

  As the Court may know, Judge Cogan recently referred a possible criminal contempt investigation of Mr. Roe and his former counsel, Richard Lerner, to the United States Attorney's Office. In making that referral, Judge Cogan noted, "One inference that could possibly – although I am not presently drawing any such inference – but one inference that could be drawn is that there is a scheme between Mr. Lerner and Mr. Roe, or either one of them, to undermine the injunctive orders that have been previously issued . . . ." Tr. of Proceeding dated Feb. 27, 2012 at 8-9. The government is in the process of evaluating Judge Cogan's referral. However, Ms. Palmer is plainly a potential witness in any such investigation of Mr. Roe and Mr. Lerner.

  As an initial matter, the Court has the discretion to disqualify Mr. Roe from representing Ms. Palmer in this proceeding. Federal courts have the inherent authority to

2

disqualify attorneys in pending litigation when necessary to "'preserve the integrity of the adversary process.'" <u>Hempstead Video, Inc. v. Vill. of Valley Stream</u>, 409 F.3d 127, 132 (2d Cir. 2005) (quoting <u>Bd. of Educ. v. Nyquist</u>, 590 F.2d 1241, 1246 (2d Cir. 1979)); <u>see also</u> <u>Cresswell v. Sullivan & Cromwell</u>, 922 F.2d 60, 72 (2d Cir. 1990). The exercise of that discretion requires a balancing of a party's "right freely to choose his counsel" against "the need to maintain the highest standards of the profession." <u>Hempstead Video</u>, 409 F.3d at 132 (quoting <u>Gov't of India v. Cook Indus., Inc.</u>, 569 F.2d 737, 739 (2d Cir. 1978)).

Here, Mr. Roe already represents other third parties to the criminal case – namely the plaintiffs in the civil case Mr. Roe filed in the Southern District of New York – and it is not clear whether their interests and the interests of Ms. Palmer are aligned. In addition, it is not clear whether Ms. Palmer knows that Mr. Roe has been referred for a possible criminal contempt prosecution based on his actions in this case, or whether Ms. Palmer may be a witness in a criminal investigation. Given the multiple potential conflicts of interest, however, the Court has the discretion to disqualify Mr. Roe from representing Ms. Palmer.

Moreover, in light of Judge Cogan's referral of a possible criminal contempt investigation of Messrs. Roe and Lerner to the United States Attorney's Office, conflict of interest principles in the criminal context should inform the Court's assessment of whether a conflict exists with respect to Mr. Roe representing Ms. Palmer. At the very least it would be a potential conflict of interest to have Mr. Roe represent someone with respect to the unsealing motion who is a potential witness against him in a related criminal proceeding. <u>Cf.</u> <u>United States v. Fulton</u>, 5 F.3d 605, 614 (2d Cir. 1993) ("The <u>per se</u> rule applies when an attorney is implicated in the crimes of his or her client since, in that event, the attorney cannot be free from fear that a vigorous defense should lead the prosecutor or the trial judge to discover evidence of the attorney's own wrongdoing.") (internal quotation marks and citation omitted); <u>but</u> <u>see</u> <u>United States v. Williams</u>, 372 F.3d 96, 105 (2d Cir. 2004) (noting that the issue of "whether the <u>per se</u> conflict rules are applicable where the defendant is aware of the facts underlying what would otherwise be a <u>per se</u> conflict" are "unresolved in this Circuit").

Accordingly, and given the unquestionably unusual nature of this case, the government respectfully suggests that the Court has the discretion to disqualify Mr. Roe from representing Ms. Palmer in the proceedings relating to the

unsealing of Doe's criminal docket. See Armstrong v. McAlpin, 625 F.2d 433, 445-46 (2d Cir. 1980) (en banc) (observing that, though "possible ethical conflicts surfacing during a litigation are generally better addressed by the 'comprehensive disciplinary machinery' of the state and federal bar," "there may be unusual situations were the 'appearance of impropriety' alone is sufficient to warrant disqualification") (citation omitted), rev'd on other grounds.

Given the ongoing litigation concerning the sealing orders in the underlying criminal case here, which are premised, in part, on the need to ensure the safety of John Doe and his family, as well as the need to ensure the integrity of the various sealing orders in the case, the government respectfully requests that this letter be filed under seal. See United States v. Doe, 63 F.3d 121, 128 (2d Cir. 1995) (danger to person may be compelling reason to override public's right of access in courtroom closure context); see also United States v. Amodeo, 44 F.3d 141, 147 (2d Cir. 1995).

        Respectfully submitted,

        LORETTA E. LYNCH
        United States Attorney

By:    /s/
    Todd Kaminsky
    Elizabeth J. Kramer
    Evan M. Norris
    Assistant U.S. Attorneys
    (718) 254-6367/6304/6376

cc: The Honorable Brian M. Cogan (by hand)
    Counsel for John Doe (by facsimile)
    Richard Roe, Esq. (by facsimile)
    Coleen Friel Middleton, Esq. (by facsimile)