

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

EJK:EMN
F.#1998R01996

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

March 20, 2012

By Hand

To Be Filed Under Seal

The Honorable I. Leo Glasser
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ MAR 21 2012 ★
BROOKLYN OFFICE

    Re:  United States v. John Doe
          Criminal Docket No. 98-1101 (ILG)

Dear Judge Glasser:

        The government respectfully submits this letter in opposition to non-party Richard Roe's motion, filed under seal on February 24, 2012, claiming that this Court lacks jurisdiction and seeking various forms of relief. The accompanying memorandum of law claims, among other things, that there exists "overwhelming evidence of the criminal misconduct of the court and department of justice" and that "this court may be well alleged to have participated in racketeering . . . to defraud victims of restitution money . . . ." (Roe Mem. at 4, 6). The motion is as baseless as it is scurrilous.

        Though the motion purports, in part, to respond to the government's February 7, 2012 memorandum of law in support of the issuance of a permanent injunction (hereinafter "Gov't Mem."), nowhere does it in fact substantively address the issue as to which the Court ordered briefing in its January 26, 2012 scheduling order, namely: "whether this Court should permanently enjoin non-party Richard Roe from disseminating the following sealed documents in his possession relating to the defendant John Doe: (a) two proffer agreements, (b) a cooperation agreement, (c) a criminal complaint and (d) a criminal information."[1] Instead,

---

[1] Hereafter, the government refers to these five documents, as it did in its February 7, 2012 memorandum of law (at page 1), as the "Other Sealed and Confidential Documents."

2

Roe moves for an order (1) that this Court lacks subject matter jurisdiction; (2) that this Court lacks equity jurisdiction to issue injunctive orders; (3) recusing your Honor; (4) transferring this case "outside the Second Circuit"; (5) that the "dissemination of the documents" in this case "cannot be restrained in any way"; and (6) striking certain evidence as well as "the government's papers in their entirety." The motion should be denied.

1. <u>Jurisdiction</u>

Roe contends that this Court has lacked jurisdiction since the inception of this litigation in May 2010, when the Court issued the order to show cause upon Doe's motion. (Roe Mem. at 4). In fact, this Court has inherent power to enforce its sealing orders over a third party even though that third party was not a party to the case when the orders were issued. The government submitted briefing on this point to the United States Court of Appeals for the Second Circuit (<u>see</u> April 11, 2011 Brief and Appendix for the United States at 35-36 n.20), which subsequently affirmed this Court's issuance of a permanent injunction barring the dissemination of the 2004 PSR as against Roe and remanded the case to this Court "to issue a final determination" regarding the dissemination of the Other Sealed and Confidential Documents (<u>see</u> June 29, 2011 Summary Order at 8). Moreover, as the government noted in its February 7, 2012 memorandum of law, the Second Circuit's ruling upholding this Court's issuance of a permanent injunction against Roe with respect to the 2004 PSR implicitly confirms that this Court has jurisdiction to enforce its prior sealing orders, even as against a third party. (<u>See</u> Gov't Mem. at 25 n.12). Accordingly, Roe's motion for an order "holding that [t]his court has never had subject matter jurisdiction" (Roe Mot. at 1) should be denied.

2. <u>Recusal and Transfer</u>

Roe next contends that this Court should recuse itself in light of "the appearance of bias and conflict." (Roe Mem. at 14). Indeed, Roe's memorandum of law is replete with vituperative attacks on this Court. By Order dated March 2, 2012, however, the Court has already ruled that the motion must be denied for failing to satisfy the requirements of 28 U.S.C. § 144. In the event that Roe files "[s]ubsequent papers . . . mov[ing] for recusal pursuant to actual bias, with affidavit" (<u>id.</u>), the government will set forth its position in responsive papers.

Roe also contends that this case should be "transfer[red] outside the Second Circuit," claiming that the Second Circuit's "rogue operation of an unconstitutional, illegal, hidden or 'dual' docket criminal justice system" lends an "appearance of bias and conflict." (Roe Mem. at 15). To the extent Roe's request is construed as a motion to transfer venue, the government opposes any such motion. First, there is no clear provision for the filing of such a motion under the Federal Rules of Criminal Procedure. Second, even if the motion were procedurally proper, this Court, Judge Cogan and the Second Circuit have all become thoroughly familiar with the facts and circumstances of the unsealing litigation over the course of the past two years. No cognizable interest would be served by rewarding Roe's frivolous and irresponsible behavior by transferring this case to another district or circuit.

Finally, the relief Roe seeks runs counter to the Second Circuit panel's prior order retaining jurisdiction over, inter alia, "any further appeals from proceedings in the District Court, including any further petitions for extraordinary writs." (Summary Order at 9 (¶ 9)). In the same order, the Second Circuit warned Roe as follows:

> Richard Roe is hereby warned that the Court's patience has been exhausted by his filing of six separate notices of appeal regarding the same principal legal dispute . . . and that <u>any further attempts to re-litigate the issues decided by this order, or other future filings of a frivolous nature, may result in sanctions</u>, including the imposition of leave-to-file restrictions, requirements of notice to other federal courts, and monetary penalties.

(Summary Order at 9 (¶ 11) (emphasis added)). Accordingly, Roe's frivolous transfer motion should also be denied precisely because the Second Circuit panel that heard the prior appeals has expressly retained jurisdiction not only to rule on the substantive issues that may be brought before it again, but also to be in a position to sanction Roe for the type of conduct typified by the instant motion.

3. <u>Dissemination of Documents</u>

Roe contends repeatedly, and without elaboration, that "[t]he dissemination of the documents cannot be restrained in any way." (E.g., Roe Mem. at 4). To the extent Roe refers to the

4

2004 PSR (to which his memorandum appears to make reference (at page 6)), his motion should be rejected as an attempt to relitigate an issue that was resolved by the Second Circuit's Summary Order. To the extent Roe's argument is intended as a response to the government's February 7, 2012 memorandum of law in support of the issuance of a permanent injunction as to the Other Sealed and Confidential Documents, the government relies on its prior memorandum of law.

4. <u>Motion to Strike</u>

Roe contends that "[a]ny evidence submitted dehors the record made as of this court's close of testimony on June 21, 2012" must be stricken or subjected to cross-examination. (Roe Mem. at 16). In a possibly related contention, Roe seemingly moves to strike "[t]he government's papers in their entirety, as they never properly moved to intervene or were otherwise a party before the court," and promises supplemental papers regarding "[t]he Bernstein affidavit" and perhaps other matters. (<u>Id.</u>). As it has argued repeatedly in the past, the government is a party to the underlying criminal matter and, therefore, to all sealing orders issued in this case. To the extent evidence is inappropriately before the Court that bears on the government's application for a permanent injunction, the government will set forth its position once Roe substantiates the point.

\* \* \* \*

Given the ongoing litigation concerning the sealing orders in the underlying criminal case here, which are premised, in part, on the need to ensure the safety of John Doe and his family, as well as the need to ensure the integrity of the various sealing orders in the case, the government respectfully requests that this letter be filed under seal. <u>See</u> <u>United States v. Doe</u>, 63 F.3d 121, 128 (2d Cir. 1995) (danger to person may be

5

compelling reason to override public's right of access in courtroom closure context); see also United States v. Amodeo, 44 F.3d 141, 147 (2d Cir. 1995).

                                    Respectfully submitted,

                                    LORETTA E. LYNCH
                                  United States Attorney

By:     /s/
      Todd Kaminsky
      Elizabeth J. Kramer
      Evan M. Norris
      Assistant U.S. Attorneys
      (718) 254-6367/6304/6376

cc:   The Honorable Brian M. Cogan (by hand)
     Counsel for John Doe (by facsimile)
     Richard Roe, Esq. (by facsimile)
     Coleen Friel Middleton, Esq. (by facsimile)