# WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

150 E. 42nd Street, New York, New York 10017   Tel: (212) 490-3000   Fax: (212) 490-3038

*Albany • Baltimore • Boston • Chicago • Dallas • Garden City • Houston • Las Vegas • London • Los Angeles • McLean
Miami • Newark • New York • Orlando • Philadelphia • San Diego • San Francisco • Stamford • Washington, DC • White Plains
Affiliates: Berlin • Cologne • Frankfurt • Mexico City • Munich • Paris*

www.wilsonelser.com

August 12, 2010

**Via Facsimile Under Seal – (718) 613-2446**

The Honorable I. Leo Glasser
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York, 11201

|       | Re: | **United States of America v. Felix Sater** | |
|-------|-----|---------|---|
|       |     | **Case No.** | : | **98CR1101 (ILG)** |
|       |     | **Our File No.** | : | **07765.00155** |

Dear Judge Glasser:

I believe this letter may prove to be moot, once your honor so-orders the stipulation that has been faxed to you by Mr. Sater's counsel.

However, since I do not yet have a so-ordered stipulation in hand, I will very briefly submit this in response to the court's order that we respond by noon today to Sater's request that this court clarify the undocketed "order" concerning the presentence report, which letter this court converted to a Rule 7(b)(1) application.

Sater's counsel did not submit a statement of what the proposed order should say, and to whom it should be directed; thus, the application should not be entertained pursuant to Rule 7(b)(1). We don't know whether Sater is requesting that the "order" be converted to a global gag order? Or will it be directed only to Oberlander, Kriss, Ejekam and Joshua Bernstein? Will it be directed to all the others who are in possession of it the PSR, but have not had any notice of these proceedings before your honor, such as the Ackerman Senterfit firm, and are thus not subject to the court's jurisdiction? As it is virtually impossible to purge email backups, and Mr. Oberlander's computer is backed up off-site twice a day, how would any such order ever be deemed enforceable? That being said, the stipulation submitted to your honor to be so-ordered renders these questions moot, at least for now.

4496825.1

With regard to whether a further hearing should be held, I do not believe it will be necessary or useful, particularly since no proposed order has been submitted by Sater's counsel. If the stipulation is not deemed to render the application for clarification moot, we will submit a further letter by 5:00 pm today.

Respectfully yours,

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

Richard E. Lerner

cc:     **Via E-Mail**
        Kelly Moore, Esq.
        Brian Herman, Esq.
        David Snider, Esq.
        Thomas W. Hyland, Esq.
        Lauren J. Rocklin, Esq.
        Stamatios Stamoulis, Esq.
        Todd Kaminsky, Esq. – US Attorney's Office
        Marshall Miller, Esq. – US Attorney's Office
        Joshua Bernstein
        Arnold Bernstein, Esq.
        Frederick M. Oberlander, Esq.