Morgan, Lewis & Bockius LLP
101 Park Avenue
New York, NY 10178-0060
Tel: 212.309.6000
Fax: 212.309.6001
www.morganlewis.com

# Morgan Lewis
COUNSELORS AT LAW

Kelly A. Moore
Partner
212.309.6612
kelly.moore@MorganLewis.com

August 12, 2010

**TO BE FILED UNDER SEAL**

The Honorable I. Leo Glasser
United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201

Re: <u>United States v. Doe, 98 CR 1101 (ILG)</u>

Dear Judge Glasser:

We represent John Doe, the movant on an application for injunctive relief with respect to certain sealed and confidential documents.

Enclosed please find a stipulation of standstill by and among movant and respondents, which we respectfully request that the Court so-order as soon as possible.

Respectfully,

Kelly A. Moore

cc: Richard Lerner, Esq. (by email)
Stam Stamoulis, Esq. (by email)
AUSA Todd Kaminsky (by email)

DB1/65437647.1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
UNITED STATES OF AMERICA,

                Plaintiff,

          -against-

JOHN DOE,

                Defendant.
------------------------------------------------------------X

98 CR 1101 (ILG)

FILED UNDER SEAL

## STIPULATED STANDSTILL ORDER

WHEREAS Frederick M. Oberlander and Jody Kriss (together with Michael Ejekam, "Respondents"), but not Michael Ejekam, are in possession of paper (but not originals) or electronic copies of certain documents (the "Documents") related to a certain criminal matter referenced by Case No. 98-CR-1101 (the "Criminal Matter");

WHEREAS certain of the Documents and information therefrom were appended to, cited, quoted or referenced in a complaint ("SDNY Complaint") filed in a civil action captioned *Kriss et al. v. Bayrock Group LLC et al.*, No. 10 CV 3959 (the "SDNY Action").

WHEREAS the Court has issued one or more orders, be they temporary restraining orders ("TROs") or injunctions or other orders or decrees of whatever kind, concerning the Documents and the Respondents have appealed therefrom;

WHEREAS John Doe (the "Movant") seeks further relief from the Court concerning the Documents including an injunction concerning dissemination (the "Further Requested Relief");

WHEREAS Movant contends that he has a right to the return of the Documents and that Respondents may not use the Documents or information therefrom;

WHEREAS Respondents contend that the current orders and the Further Requested Relief are improper, violate certain constitutional rights, and are procedurally invalid;

WHEREAS the parties have submitted memoranda and declarations in support of their respective positions;

DB1/65300802.1
4079191.1

WHEREAS pursuant to an order of the Court, Movant was scheduled to file a supplemental memorandum of law (the "Supplemental Memorandum") on July 27, 2010, which date was adjourned by agreement of the parties;

WHEREAS counsel for Movant and Respondents are engaged in discussions to achieve a mutually acceptable resolution of proceedings before the Court concerning the Documents and the Further Requested Relief (a "Settlement") prior to entry by this Court of an order addressing the Further Requested Relief (the "Order");

WHEREAS counsel signing this stipulated standstill order represent that they are authorized to enter this stipulated standstill order on behalf of their respective clients;

NOW THEREFORE, Movant and Respondents, by and through their undersigned counsel, hereby stipulate and agree to, and request that the Court enter an order providing for, the following:

1. Stay of Proceedings in this Action; Status Quo Maintained:

    a. Movant's time to file the Supplemental Memorandum is adjourned until September 27, 2010, unless this agreement is terminated earlier pursuant to paragraph 4 below. If the agreement is terminated prior to September 27, 2010, then the Supplemental Memorandum shall be filed within one week of the termination date;

    b. The Court shall not issue the Order or any other relief of any kind not presently in existence at the time of execution hereof, prior to submission of the Supplemental Memorandum;

    c. Pending a Settlement or issuance of the Order, Respondents (and their agents or anyone acting at the direction of Respondents) may not disseminate the Documents or information obtained therefrom except as may be required for purposes of Respondents' pending appeal, in which case the provisions of Paragraph 3.e shall be applicable;

    d. While this stipulated standstill order is in effect, Respondents (and their agents or anyone acting at the direction of Respondents) shall not file any application to unseal the Documents;

2. The SDNY Action:

    a. Judge Buchwald may be provided a copy of this stipulated standstill order;

    b. Respondents shall make an application to Judge Buchwald for a 60 day extension of their time to serve the SDNY Complaint on the defendants in the SDNY Action;

    c. Respondents reserve the right to provide each of the defendants in the SDNY Action a redacted copy of the SDNY Complaint. Movant and Respondents

DB1/65300802.1
4079191.1

2

shall promptly meet and confer in good faith concerning the redactions. The redacted version of the SDNY Complaint shall not include the Documents as exhibits and shall not include references to, quotations of or information derived from the Documents;

d. In no event shall Respondents serve an unredacted copy of the SDNY Complaint or the Documents as exhibits prior to issuance of the Order;

e. Nothing herein shall preclude Respondents from filing and serving an amended complaint in the SDNY Action that does not include the Documents or references to, quotations of or information derived from the Documents;

f. It is understood that in the further proceedings before Judge Buchwald, Movant's counsel will be permitted to communicate directly with respondent Oberlander, in his capacity as counsel for respondents Kriss and Ejekam and as counsel for those whom either or both may represent in their derivative capacities.

3. Appeals

a. Respondents have filed a notice of appeal from certain orders of the Court, and in the event the Court grants the Order in whole or in part, it is anticipated that Respondents may file additional appeals;

b. In the event the Court denies the Order in whole or in part, it is anticipated that Movant may file an appeal;

c. The parties reserve their rights to make all arguments on appeal, and nothing herein shall constitute a waiver of any such rights;

d. Nothing herein shall prevent Movant from seeking an order to preserve the status quo pending any appeal;

e. If, during the pendency of this standstill, Respondents determine that they are required to submit the Documents or information derived therefrom to the Second Circuit in connection with their pending appeal, Respondents shall provide reasonable advanced notice of any such filing to Movant and to the United States Attorneys Office for the Eastern District of New York so that Movant and/or the United States Attorneys Office for the Eastern District of New York may make an application to have the materials sealed.

4. Termination of the Stipulated Standstill Order

a. Any party may terminate this stipulated standstill order on 7 calendar days' advance written notice for any reason, which notice shall be served on the undersigned counsel by (a) overnight mail and (b) by facsimile or email.

    b. Unless so terminated, this stipulated standstill order shall terminate on September 27, 2010;

5. Reservation of Rights

    a. Except as otherwise stated herein, the parties reserve all of their respective rights, claims and arguments;

    b. No party will argue that, by entering into this stipulated standstill order, the other party has conceded the validity of any order of the Court or the Further Requested Relief, or any argument or claim raised by the other party, or waived the right to make any argument or claim;

    c. Movant will not argue that by entering into this standstill Respondents implicitly agreed that there was no emergency or waived or are estopped from asserting any claim of emergency for emergency or expedited appeal or mandamus, the parties hereto agreeing that the primary purpose of this agreement is to accelerate resolution of this dispute without waiting for further rulings and appeals.

6. This agreement shall become valid only upon the execution by all three signatories hereto.

Dated: New York, New York, ~~July~~ 8/14/2010

MORGAN, LEWIS & BOCKIUS LLP

By: _____

Brian A. Herman
*Attorney for Movant John Doe*


WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

By: _____

Richard E. Lerner
*Attorneys for Respondent Fred Oberlander*



STAMOULIS & WEINBLATT LLC

DB1/65300802.1
4079191.1

4

   b. Unless so terminated, this stipulated standstill order shall terminate on September 27, 2010;

5. Reservation of Rights

   a. Except as otherwise stated herein, the parties reserve all of their respective rights, claims and arguments;

   b. No party will argue that, by entering into this stipulated standstill order, the other party has conceded the validity of any order of the Court or the Further Requested Relief, or any argument or claim raised by the other party, or waived the right to make any argument or claim;

   c. Movant will not argue that by entering into this standstill Respondents implicitly agreed that there was no emergency or waived or are estopped from asserting any claim of emergency for emergency or expedited appeal or mandamus, the parties hereto agreeing that the primary purpose of this agreement is to accelerate resolution of this dispute without waiting for further rulings and appeals.

6. This agreement shall become valid only upon the execution by all three signatories hereto.

Dated: New York, New York,     July ___, 2010


MORGAN, LEWIS & BOCKIUS LLP

By: _____

Brian A. Herman
*Attorney for Movant John Doe*


WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

By: _____  8/11/10

Richard E. Lerner
*Attorneys for Respondent Fred Oberlander*


STAMOULIS & WEINBLATT LLC

By: _____ 8/12/2010

Stamatios Stamoulis
*Attorney for Respondents Jody Kriss and Michael Ejekam*

SO ORDERED _____

8/12/10