# NATIONAL ARCHIVES AND RECORDS ADMINISTRATION

## To all whom these presents shall come, Greeting:

By virtue of the authority vested in me by the Archivist of the United States, I certify on his behalf, under the seal of the National Archives and Records Administration, that the attached reproduction(s) is a true and correct copy of documents in his custody.

| SIGNATURE | | |
|---|---|---|
| *Theresa Mellon* | | |
| NAME | | DATE |
| THERESA MELLON | | 4-3-12 |
| TITLE | | |
| SUPERVISORY ARCHIVES SPECIALIST | | |
| NAME AND ADDRESS OF DEPOSITORY | | |
| NARA - Office of Regional Records Services<br>200 Space Center Drive<br>Lee's Summit, MO 64064 | | |

NA FORM 13040 (10-

## Relevant Securities Law Matters

1. The United States Securities and Exchange Commission (the "SEC") is an independent agency of the United States Government charged with the duty of protecting investors by regulating and monitoring the trading of securities, including the conduct of broker-dealers and brokers of securities, in the United States.

2. A central purpose of the federal securities laws is to protect investors from fraud in connection with the purchase and sale of securities. These laws require, among other things, full and truthful disclosure of material facts by public companies and broker-dealers in documents filed with the SEC. One of the practices that the federal securities laws prohibit "market manipulation," that is, conduct intended to deceive

# NATIONAL ARCHIVES AND RECORDS ADMINISTRATION

To all whom these presents shall come, Greeting:

By virtue of the authority vested in me by the Archivist of the United States, I certify on his behalf, under the seal of the National Archives and Records Administration, that the attached reproduction(s) is a true and correct copy of documents in his custody.

| SIGNATURE | |
|---|---|
| *Theresa Mellon* | |
| NAME | DATE |
| THERESA MELLON | 4-3-12 |
| TITLE | |
| SUPERVISORY ARCHIVES SPECIALIST | |
| NAME AND ADDRESS OF DEPOSITORY | |
| NARA - Office of Regional Records Services<br>200 Space Center Drive<br>Lee's Summit, MO 64064 | |

NA FORM 13040 (10-86)

---



National Archives Trust Fund
200 Space Center Drive
Lee's Summit, MO 64131
(816) 268-8100

Criminal Cases - Entire Case File - Certified
FORM92AC        1@        105.00        $105.00
1.00 ITEMS SUBTOTAL                     $105.00
TOTAL                                   $105.00
Credit Card                             $105.00
2009
Change Due                                $0.00

AFO-LS-INV001118

LOC:  AFO-LS          WKS:  AFO-LS_01
OPER: dnadeau         SLS:  DNADEAU
DATE: 4/3/2012        TIME: 10:45:08 AM
CUSTOMER ACCOUNT:     AFO-LS

Ready Access to
Essential Evidence

---

Relevant Securities:

1. The ... Commission (the "S... xchange ... States ...vernment ... of the United ... by regulating ... ting investors ... the conduct of ... ities, including United States. ... rities, in the

2. A c... ecurities laws is to protect inve... with the purchase and sale ... re, among other things, full and t... facts by public companies and brok... ith the SEC. One of the practic... laws prohibit is "market manipulati... to deceive

$24



**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

UNITED STATES OF AMERICA,

vs.

SALVATORE LAURIA

JUDGMENT INCLUDING
SENTENCE FOR OFFENSES
COMMITTED ON OR AFTER 11-1-87

CASE NO.: CR 98-1102 (ILG)

| ERIC CORNGOLD | FRED GURINO | ROBERT STAHL |
|---|---|---|
| Assistant United States Attorney | Court Reporter | Defendant's Attorney |

THE DEFENDANT: SALVATORE LAURIA
  XX   PLEAD GUILTY TO COUNT 1 OF THE INFORMATION.

Accordingly, the defendant is ADJUDGED guilty of such Count(s), which involve the following offenses:

| TITLE AND SECTION | NATURE AND OFFENSE | COUNT NUMBERS |
|---|---|---|
| 18 USC 1962 (c) and 1963(a) | RACKETEERING | COUNT 1 |

The defendant is sentenced as provided in pages 2 through 4 of the Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

__ The defendant has been found not guilty on count(s)   and discharged as to such count(s).
__ Open count in the indictment is dismissed on the motion of the United States.
__ The mandatory special assessment is included in the portion of Judgment that imposes a fine.
**X** **It is ordered that the defendant shall pay to the United States a special assessment of $100.00 which shall be due immediately.**

It is further **ORDERED** that the defendant shall notify the United States Attorney for this District within 30 days of any change of residence or mailing address until all fines, restitution, costs and special assessments imposed by this Judgment are fully paid.

FEBRUARY 5, 2004
Date of Imposition of Sentence

56695-053
Defendant's USM #

08/30/62
Date of Birth

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
Defendant's Soc. Sec. Number

HON. I. LEO GLASSER, U.S.D.J.
DATE:  FEBRUARY 23, 2004

91 GEORGETOWN RD., WESTON CONNECTICUT
Defendant's mailing address

NT: SALVATORE LAURIA
MBER: CR 98-1102 (ILG)

JUDGMENT-PAGE 2 OF 4

## PROBATION

The defendant is hereby placed on probation for a term of ___ FIVE (5) YEARS ON COUNT 1.

The defendant shall not commit another Federal, State or Local crime.
The defendant shall not unlawfully possess a controlled substance.

For offenses committed on or after September 13, 1994:

    The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter, as directed by the probation officer.

____ The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse.

____ The defendant shall not possess a firearm as defined in 18 U.S.C. Sect. 921.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of probation that the defendant pay any such fine or restitution in accordance with the schedule of payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth in the "Standard Conditions of Supervision" sheet.

The defendant shall comply with the following additional conditions:

    THE DEFENDANT TO SERVE 300 HOURS OF COMMUNITY SERVICE

    TH DEFENDANT IS TO SERVE 12 MONTHS HOME CONFINEMENT

    THE GOVERNMENTS MOTION PURSUANT TO 5K1.1 - GRANTED.





## STANDARD CONDITIONS OF SUPERVISION

While the defendant is on probation or supervised release pursuant to this Judgment:

1) The defendant shall not leave the judicial district without the permission of the court or probation officer;

2) The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) The defendant shall support his or her dependents and meet other family responsibilities;

5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;

6) The defendant shall notify the probation officer within 10 days prior to any change in residence or employment;

7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a Physician;

8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

10) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) The defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;

12) The defendant shall not enter into any agreement to act as an informer or special agent of a law enforcement agency without the permission of the court;

13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.



T: SALVATORE LAURIA
MBER: CR 98-1102 (ILG)

JUDGMENT-PAGE 4 OF 4

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth by the court.

| COUNT | ASSESSMENT | FINE | RESTITUTION |
|---|---|---|---|
| COUNT 1 | $100.00 | $20,000.00 | |

### FINE

The above includes costs on incarceration and or supervision in the amount of _____
The defendant shall pay interest on any fine of more than $2,500.00 unless the fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. Sect. 3612 (f). All of the payment options may be subject to penalties for default and delinquency pursuant to 18 U.S.C. Sect. 3612 (g).

____ The court has determined that the defendant does not have the ability to pay interest and it is ordered that the interest is waived.

____ the interest is modified as follows.

### RESTITUTION

____The determination of restitution is deferred in a case brought under Capters 109A, 110, 110A, and 113A of the Title 18 for offenses committed on or after 9/13/1994, until _____. an amended judgment in a Criminal case will be entered after such determination.

_____The defendant shall make restitution to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below.

| NAME OF PAYEE | TOTAL AMOUNT LOSS | AMOUNT OF RESTITUTION | INSTALLMENTS |
|---|---|---|---|
| TOTALS: | | | |

Findings for the total amount of losses are required under Chapters 109A, 110,110A, 113A of the Title 18 for offenses commited on or after September 13, 1994.

: SALVATORE LAURIA  STATEMENT OF REASONS
BER: CR-98-1102 (ILG)

## STATEMENT OF REASONS

\_\_\_ The court adopts the factual findings and guideline application in the pre sentence report.

### OR

__X__ The court adopts the factual findings and guideline application in the pre sentence report except

ELIMINATE PARAGRAPH #99 A 3-LEVEL AGGRAVATING ROLE ADJUSTMENT
PARAGRAPH #101 ADJUSTED OFFENSE LEVEL SHOULD READ 33
PARAGRAPH #108 COMBINED ADJUSTED OFFENSE LEVEL SHOULD READ 35
PARAGRAPH #110 TOTAL OFFENSE LEVEL SHOULD READ 32

Guideline Range Determined by the Court:

    Total Offense Level: __32__

    Criminal History Category: __II__

    Imprisonment Range COUNT 1: __135 MONTHS__ to __168 MONTHS__

    Supervised Release Range: __2 YEARS__ to __3 YEARS__

    Probation Range: __1 YEAR__ to __5 YEARS__

    Fine Range: $__20,000.00__ to __$200,000.00__

    \_\_\_\_\_ Fine is waived or is below the guideline range, because of the defendant's inability to pay.

    Restitution: $_____

    \_\_\_\_\_ Full restitution is not ordered for the following reason(s):

\_\_\_\_\_ The sentence is within the guideline range, that range does not exceed 24 months, and the court finds no reason to depart from the sentence called for by application of the guidelines.

### OR

\_\_\_\_\_ The sentence is within the guideline range, that range exceeds 24 months, and the sentence is imposed for the following reason(s):

__X__ THE SENTENCE DEPARTS FROM THE GUIDELINE RANGE

    __X__ Upon motion of the government, as a result of defendant's substantial assistance.

    GOVERNMENT MOTION PURSUANT TO 5K1.1 - GRANTED.

    \_\_\_\_\_ For the following reason(s):



CRIMINAL CAUSE FOR SENTENCING

GLASSER                              DATE: ~~SEPT. 11, 2003~~ 2/1/04   TIME: 10:00 a.m.
                                     ~~12/4/03~~

DOCKET NUMBER: CR 98-1102                    DEFT. NUMBER: _____

DEFENDANT: SALVATORE LAURIA
           ✓ Present   ___ Not Present   ___ In Custody   x On Bail

ATTORNEY FOR DEFT.: ~~CHARLES CLAYMAN~~ ROBERT STAHL
                    ___ C.J.A.   ✓ Retained   ___ Legal Aid/PD

ASST. U.S. ATTORNEY: ERIC CORNGOLD + 6147
                     TERESA HENRY

COURTROOM DEPUTY: ~~LOUISE SCHILLAT~~   INTERPRETER: N/A
                  Ext. _____

COURT REPORTER/~~ESR OPERATOR~~: FRED GURINO

TAPE NUMBER: _____

SENTENCE: 5 years probation

DEFT. SENTENCED ON COUNTS: #1

OPEN COUNTS DISMISSED: ___ On Govt.'s Motion,   ___ On Ct.'s Mot.

FINE: $20,000              SPECIAL ASSESSMENT: $100.00

SPECIAL CONDITIONS OF SUPERVISION: 12 months Home Confinement — 300 hours Community Service

* Right to appeal sentence

IS SENTENCE STAYED?   ___ Yes   STAYED UNTIL: _____
                      ___ No

[Defts. sentenced to probation/supervised release are to report immediately to the PROBATION DEPT., Room 405, 75 Clinton St., Bklyn., & present 1 copy of this form. The other copy should be sent by the Courtroom Deputy the same day. For remanded defts., the Courtroom Deputy should send both copies to the Prob. Office on the same day as the sentence.]

CLERK'S OFFICE COPY                        U.S GPO: 2002-710-632

LAW OFFICES OF
# ROBERT G. STAHL, LLC

E-mail STAHLESQ@BELLATLANTIC.NET

PLEASE REPLY TO NEW JERSEY OFFICE

220 St. Paul Street
Westfield, New Jersey 07090
Telephone: 908.301.9001
Facsimile: 908.301.9008

_G. Stahl
& Federal Bar in N.Y.)

Korey Kerscher Sarokin
(N.J. & N.Y. Bars)

David S. Fenkel
(N.J. Bar)

New York Office
437 Madison Avenue, 35th Floor
New York, New York
Telephone: 212-xxx-xxxx

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT, E.D.N.Y.
★ DEC 23 2003 ★
BROOKLYN OFFICE

November 26, 2003

Hon. I. Leo Glasser
United States District Court
Eastern District of New York
U.S. Courthouse
225 Cadman Plaza East
Brooklyn, New York 11201

Re: <u>Sentencing Date – United States v. Salvatore Lauria,
98-CR-1102 (ILG)</u>

Dear Judge Glasser:

This letter is to confirm my conversation with your Deputy Clerk that the sentencing in the above-listed matter has been adjourned with the consent of the United States to February 5, 2003 at 10:00 a.m.

Respectfully submitted,

Robert G. Stahl

#14

RGS/ps
cc: AUSA Eric Korngold, EDNY
Mr. Salvatore Lauria

**U.S. Department of Justice**

United States Attorney
Eastern District of New York

RECEIVED
4/30/02
CHAMBERS OF

EOC:dbp
F.#1998r01996
lauria-adj-ltr.wpd

156 Pierrepont Street
Brooklyn, New York 11201

April 29, 2002

TO BE FILED UNDER SEAL
BY INTEROFFICE MAIL

The Honorable I. Leo Glasser
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:  United States v. Salvatore Lauria and
           Felix Sater, Crim. Docket No. 98-1102 (ILG)

Dear Judge Glasser:

    Salvatore Lauria and Felix Sater are scheduled to be sentenced by Your Honor this Wednesday, May 1, 2002. For the reasons set forth below, the government respectfully requests that the sentencings be adjourned to September 17, 2002, at 10:00 a.m.

    The defendants pled guilty before Your Honor pursuant to cooperation agreements. The information the defendants can provide with regard to the criminal activities of others has not been exhausted. The government respectfully submits that the interests of justice and judicial economy will be furthered if the defendants' cooperation is exhausted prior to sentencing. Specifically, if the defendants are sentenced after their cooperation is complete, there will be no subsequent need to pursue relief under Fed. R. Crim. P. 35. In addition to conserving resources, this approach will allow the Court the opportunity to impose upon the defendants a single, determinate sentence.

    I have spoken by telephone with Your Honor's courtroom deputy, Louise Schillat, who informed me that September 17, 2002, at 10:00 a.m. is convenient for the Court.

12

2

I attempted to reach by telephone today both Robert Stahl, Esq., counsel to defendant Lauria, and Myles Mahlman, Esq., counsel to defendant Sater, to obtain their consent to this request; however, neither attorney was in his office. In any event, both defendants agreed to adjournments of their sentencings, as requested by this Office, as part of their cooperation agreements.

The Court's attention to this scheduling matter is greatly appreciated. Because of the nature of this letter, the government respectfully requests that it be filed under seal.

Respectfully submitted,

ALAN VINEGRAD
UNITED STATES ATTTORNEY

By: _____
David B. Pitofsky
Assistant U.S. Attorney
(718) 254-6292

cc: Robert Stahl, Esq.
(by telecopier 908/301-9008)

Myles Mahlman, Esq.
(by telecopier 954/322-0064)