UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------x
In the Matter of the Motion to Unseal     ORDER
Docket No. 98 - 1101     12 MC 150 (ILG)
----------------------------------------------x
GLASSER, United States District Judge:

     In an Opinion and Order dated August 27, 2012, Dkt. No. 42, familiarity with which is assumed, the Court granted a motion to unseal the docket sheet only in 98 CR 1101 and directed that a hearing will be held thereafter on October 2, 2012 to determine whether any document sealed and filed in that case should be unsealed. A request by the government to adjourn that hearing until October 9, 2012 was granted. At the hearing held that day, I stated my belief that I was obedient to the law in having notice of that hearing docketed and the hearing itself open to the public. I then stated that my determination of which documents may remain sealed and which may be unsealed can only be made upon a review of those documents. Given my familiarity with this case, I found a substantial probability of prejudice to the compelling interest that inheres those documents that can only be protected by a review of them in a closed courtroom. I stated those compelling interests to be, among other things, the risk of harm to the defendant; the integrity of government activity sufficient to trump the public's common law and First Amendment right of access to the Court. See In re Herald, 734 F.2d 93, 100 (2d Cir. 1984); United States v. Haller, 837 F.2d 84, 88 (2d Cir. 1988). I then declared the proceedings to be closed and the courtroom to be vacated. Hr'g Tr. 5-6, Oct. 9, 2012.

     Hearings were subsequently held in camera on that day, i.e., October 9th, 23rd, November 16th, 2012, January 18th and on a conference call on the 14th, 2013. Present at those hearings were counsel for Felix Sater (John Doe) and the United States. It was

their burden to establish that there were compelling interests that superseded the general common law and qualified First Amendment right of access to those documents.

At the conclusion of those hearings, the Court finds that their burden was not carried as regards the following docket numbered documents which are hereby directed to be unsealed in their entirety: 1, 2, 5-8, 10, 11, 13-15, 17, 18-25, 29-35, 37-39, 41-49, 51-56, 58-61, 65-67, 69-75, 77, 78, 81-86, 89-99, 101-108, 110, 111, 113, 114, 116, 117, 120, 123-126, 128-131, 133-136, 139, 140, 143-152, 155-157, 159-168, 174-184, 186-190, 193, 198, 200-201.

The Court finds that the required burden of proof was satisfied as regards the docket numbered documents not included in those listed above and should remain sealed in their entirety or remain sealed as redacted. A Memorandum and Order providing the bases for those findings, together with the documents at issue and the sealed transcripts of the <u>in camera</u> proceedings at which those findings were made will remain sealed and submitted to the Court of Appeals for review and determination.

SO ORDERED.

Dated:   Brooklyn, New York
         March 12, 2013

*S/ J. Leo Glasser*
_____
I. Leo Glasser